### J. G. ROBBINS AND WIFE, FAITH P. ROBBINS v. C. W. MYERS TRADING POST, INC.

(Filed 14 January, 1960.)

**1. Damages § 12—**

In an action to recover damages for breach of a contract for the construction of a dwelling in accordance with specifications that it should be exactly like another dwelling, with minor differences, and should be constructed with the same kind of materials used in such other dwelling, a witness who had never seen the house referred to in the specifications is not competent to testify as to the difference in value of the house as constructed and its value had it been constructed in accordance with the specifications.

**2. Evidence §§ 35, 42—**

A witness is not competent to testify to a fact beyond his personal knowledge or to base an opinion upon facts of which he has no knowledge.

**3. Contracts § 27—**

Where plaintiff's evidence makes out a *prima facie* case of breach of contract, motion to nonsuit is properly denied irrespective of the evidence of damage, since breach of contract entitles the injured party to nominal damages at least.

**4. Contracts § 29—**

The measure of damages for breach of a contract for the construction of a house in accordance with the plans and specifications is the cost of labor and material required to make the building conform to the contract, provided the defects can be remedied without substantial destruction to any part of the building, but if a substantial part of what has been done must be undone in order to remedy the deficiencies, the measure of damages is the difference in value between the house as constructed and its value had it been constructed in accordance with the agreement.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Olive, J.,* March 16, 1959 Term, of FORSYTH.

This action was instituted 16 March 1959 for recovery of damages for alleged breach of a building contract.

Complaint alleges that defendant contracted to construct on plaintiffs' land a dwelling house according to certain plans and specifications and in a workmanlike manner for a price of $10,000.00, defendant completed the structure and delivered possession to plaintiffs and plaintiffs paid the full contract price, and plaintiffs occupied the building as a home and discovered that inferior materials had been used in the construction and the structure had not been built in a workmanlike manner. Plaintiffs ask for $5,000.00 damages.

Answer admits ownership of the land by plaintiffs, execution of the contract, construction of the building by defendant, and payment of the contract price by plaintiffs. Defendant denies that materials and workmanship were inferior and alleges that the contract was performed in accordance with the terms thereof.

The pertinent terms of the contract are in substance as follows: Defendant "agrees to commence and complete in a satisfactory manner and as a first class turn key job the entire construction of said dwelling . . . it being understood and agreed that said dwelling shall be exactly like house built on Endsley Ave. house #13 (except for specified differences not material on this appeal) . . . to use the same kind of material used in Endsley Ave. house #13."

Plaintiffs' evidence tends to show that shortly after the house was occupied serious defects in materials and workmanship were discovered. Large cracks appeared in the stoops at the front and rear of the house; bricks pulled apart from the cement; the stoops separated from the house. The cement steps leading from the basement cracked and fell in so that the earth could be seen through the cracks; the cement blocks in the retaining wall for the steps separated. The plastic pipe leading from the well to the house broke and had to be repaired. The ceptic tank was improperly installed, permitting water to seep out and rise to the surface, causing the ground around it to be wet and miry, and producing offensive odors. The paint on the exterior of the building has begun "flaking off" and is in poor condition. The outside walls are of clapboard design; some of the boards are not smooth and have bark on them; some of the narrow boards have split where they are nailed. There is a leak around the chimney and water runs therefrom into the living room. The chimney is improperly constructed so that the fireplace in the basement smokes and cannot be used. The furnace and basement fireplace are on the same chimney flue and to correct this and make the basement fireplace usable, it is necessary to build another chimney or rebuild the present chimney. The furnace throws out soot and the heat registers cannot be individually cut off. Several doors are defective. Two of the inside doors cannot be closed. The basement door has a two-inch crack "where it closes." There is a crack in the back door through which water leaks into the house. There is no sill under the partition between the living room and kitchen. The foundation support for the house is inadequate and the floor joists sag; there is need for four substantial pillars or supports. The interior walls are of knotty pine paneling, the material is of poor quality, and 137 knot holes were filled with putty and painted over. The floors, except in the kitchen and bathroom, are of factory

grade (lowest grade) oak boards 12 to 24 inches in length; the floors have opened and left cracks at the sides and ends of the boards; the boards are splintering at the ends; when the floors are swept the dust goes into the cracks. The floors are uneven, insufficiently nailed, move up and down and squeak when walked on. The tile floors in the kitchen and bathroom have cracks between the squares; the squares themselves are cracked. Defendant offered to make some adjustments, repairs and replacements, but these would not have remedied the deficiencies.

Defendant's evidence tends to show: Plaintiffs complained about the furnace and cement work. Defendant adjusted and repaired these and Mrs. Robbins gave written statements that these were satisfactory. Defendant offered to make the chimney and floors satisfactory even if it required replacing them, but plaintiffs would not permit him to do so. The house is in reasonably satisfactory condition and needs only minor adjustments such as new houses usually require. The adjutments, replacements and repairs can be made for less than $500.00, and defendant has offered to make them. The materials used in the building are superior in all respects to those used in the house on Endsley Avenue, house #13.

The jury found that the defendant had breached the contract and awarded damages in the amount of $2,000.00.

From judgment in accordance with the verdict defendant appealed and assigned errors.

*Leake & Phillips and W. Z. Wood for plaintiffs.*
*Craige, Parker, Brawley, Lucas & Hendrix for defendant.*

MOORE, J. Witness A. E. Gentry, an experienced building contractor, testifying for plaintiffs, gave as his opinion that the value of the building on the date possession was delivered to plaintiffs was from $7,500.00 to $8,000.00. Over objection of defendant he testified it would have been worth from $9,000.00 to $9,500.00 had it been constructed according to contract. On cross-examination he stated: "I don't know a thing about the Endsley house, I never have seen it." Defendant moved to strike Gentry's testimony concerning value. The court overruled the motion to strike. This was error.

The contract provides that the building "shall be exactly like house built on Endsley Ave. house # 13" (with minor exceptions) and shall be constructed of "the same kind of material used in Endsley Ave. house #13." These are the plans and specifications. Plaintiffs offered no evidence whatsoever as to the plan of or materials used in the

Endsley Avenue house. The witness Gentry never saw it and was not qualified to testify what the value of the building would have been if constructed "exactly like" and of the "same kind of material" as the Endsley Avenue house. A witness is not competent to testify to a fact beyond his personal knowledge or to base an opinion upon facts of which he has no knowledge. *Rankin v. Helms,* 244 N.C. 532, 540, 94 S.E. 2d 651; *Warren v. Insurance Co.,* 215 N.C. 402, 404-5, 2 S.E. 2d 17; *Harrison v. Railroad,* 194 N.C. 656, 660, 140 S.E. 598.

Defendant insists that its motion for nonsuit should have been allowed since there was no competent evidence on the part of plaintiffs as to the extent, if any, of their damages and no evidence upon which the jury could have based an award of damages. Plaintiffs' evidence makes out a *prima facie* case of breach of contract with respect to the quality of workmanship. "Where plaintiff proves breach of contract he is entitled at least to nominal damages." *Sineath v. Katzis,* 218 N.C. 740, 756, 12 S.E. 2d 671. See also *Tillis v. Cotton Mills, ante,* 359. The court correctly overruled the motion to nonsuit.

"The fundamental principle which underlies the decisions regarding the measure of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have what he contracts for or its equivalent. What the equivalent is depends upon the circumstances of the case. In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contractor has acted in good faith, or the owner has taken possession, the latter is not permitted to recover the cost of making the change, but may recover the difference in value." 9 Am. Jur., Building and Construction Contracts, sec. 152, p. 89; *Twitty v. McGuire,* 7 N.C. 501, 504. The difference referred to is the difference between the value of the house contracted for and the value of the house built—the values to be determined as of the date of tender or delivery of possession to the owner.

Since there must be a new trial the following observations are in order. Defendant's evidence tends to show that such defects as do exist may be readily remedied without substantial destruction of any part of the building. Should the jury accept this view, the measure of damages is the cost of labor and material to make the building conform to the contract. *Moss v. Knitting Mills,* 190 N.C. 644, 649, 130

S.E. 635. Plaintiffs' evidence tends to show that in order to remedy deficiencies a substantial part of what has been done must be undone. If the jury accepts plaintiffs' theory of the case, the measure of damages is the "difference in value" rule stated above.

New trial.

HIGGINS, J., took no part in the consideration or decision of this case.