JACOB OSWELL LEGGETTE, JR. AND WIFE, BEULAH MURRAY LEGGETTE,
v. CLAUDE C. PITTMAN.

(Filed 12 October, 1966.)

**Contracts §§ 29, 34—**

Provisions of a contract relating to the measure of damages for breach
are as binding as any other of its terms, and where a construction con-
tract provides that any defects in materials or workmanship would be re-
paired, replaced, or adjusted by the contractor at no cost to the owner,
the measure of damages for defective workmanship or materials is limited
to the cost of making the work conform to the contract, and the owner
may not maintain that he is entitled to recover the difference between
the value of the house as contracted for and the value of the house as
built.

APPEAL by defendant from *Peel, J.,* April 1966 Session, WILSON
Superior Court.

Civil action to recover damages for breach of warranty.

Plaintiffs and defendant entered into a contract wherein defend-
ant agreed to build a house for plaintiffs according to certain plans
and specifications. The defendant executed a warranty dated June
6, 1963, as follows: "I, CLAUDE PITTMAN, warrant the materials and
workmanship performed under construction contract dated 1-18-63
and any defects arising within a period of one year will be repaired,
replaced or adjusted at no cost to the owner, JACOB OSWELL LEG-
GETTE, JR."

Within the warranty period plaintiffs noticed defects in the
flooring in the nature of cracks and squeaks, and that the flooring
in parts of the house was not properly secured. Plaintiffs continued
to live in the house. Defendant's carpenter made some attempts at
correction. The corrections were not made to plaintiffs' satisfac-
tion and suit was instituted May 10, 1965, to recover $2,339. Verdict
was returned by the jury for plaintiffs in the amount of $1,300. To
the judgment entered, the defendant excepted and appealed, as-
signing errors.

*Wiley L. Lane, Jr., for plaintiffs, appellees.*
*Kirby & Webb for defendant appellant.*

PER CURIAM. One of defendant's principal assignments of error
was to the following portion of the judge's charge:

"The Court charges you, in a case of this nature, that the
rule of damages is as follows: When defects appearing in a
building result from failure to perform the work in a workman-
like manner, or from the use of improper materials, the measure

of damages is the cost of the labor and materials necessary to make the building conform to the contract."

Our Court has held in the case of *Robbins v. Trading Post, Inc.,* 251 N.C. 663, 111 S.E. 2d 884:

> " 'The fundamental principle which underlies the decisions regarding the measure of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have *what he contracts for or its equivalent. What the equivalent is depends upon the circumstances of the case.* In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contractor has acted in good faith, or the owner has taken possession, the latter is not permitted to recover the cost of making the change, but may recover the difference in value.' 9 Am. Jur., Building and Construction Contracts, sec. 152, p. 89; *Twitty v. McGuire,* 7 N.C. 501, 504. The difference referred to is the difference between the value of the house contracted for and the value of the house built — the values to be determined as of the date of tender or delivery of possession to the owner." (Emphasis ours.)

In the contract of warranty the defendant warranted the materials and workmanship performed under construction contract dated 1-18-63 and agreed that any defects arising within a period of one year would be repaired, replaced or adjusted at no cost to the owner. By this agreement the defendant by necessity agreed to furnish the cost of the labor and materials necessary to make the building conform to the contract. This is, in effect, the judge's charge.

"Provisions of a contract clearly expressed do not cease to be binding upon the parties because they relate to the measure of damages." 15 Am. Jur., Damages, sec. 49, p. 448.

The defendant by his contract and warranty removed himself from those provisions of the general law on which he relies, and the trial judge correctly related his charge to the circumstances of the case.

The exception of the defendant to the testimony of a contractor who was admitted as an expert is without merit. Considering his

testimony in its full context, it appears to be well within the rules of evidence approved by our Court.

No error.