DONALD CLARK, PETITIONER V. DONALD W. RICHARDSON, BUILDING INSPECTOR, AND JAMES G. JOYCE, CHAIRMAN OF THE BOARD OF ADJUSTMENTS OF THE TOWN OF MAYODAN, RESPONDENTS

No. 7417SC947

(Filed 5 February 1975)

1. Appeal and Error § 26— exception to judgment — conclusions

An exception to the judgment presents for review the conclusions of law of the trial court even though they are denominated findings of fact.

2. Municipal Corporations § 30— zoning — enclosure of existing porch — no extension of nonconforming use

The enclosure of an existing porch on a building used for a grocery store in an area zoned for residential use would not constitute an en-

largement or extension of a nonconforming use within the meaning of a town's zoning ordinance, and petitioner's application for a permit allowing him to enclose the porch should have been granted.

APPEAL by respondents from *Bailey, Judge,* 9 September 1974 Session of Superior Court held in ROCKINGHAM County. Argued in the Court of Appeals on 23 January 1975.

This action arose from the denial of petitioner's application for a permit allowing him to enclose an existing porch on his building. Stipulations agreed to by the parties disclose:

Petitioner owns a building located at 808 West Main Street in the Town of Mayodan, N. C. The location is within an area zoned by the town as R-6, a residential classification. Petitioner's building, including a front porch, is 24 feet by 37 feet. The porch has a cement floor and a roof which is supported by columns at the outer edge of the roof. Petitioner operates a grocery store in the building and uses the floor area of the building and the porch in displaying and selling his merchandise. The structure is a nonconforming building under the town zoning ordinance. Petitioner's application for a permit to enclose his porch was denied by the town building inspector, and petitioner appealed to the Board of Adjustments who also denied the application.

Petitioner's application to the superior court for a writ of certiorari to review the action of respondents was allowed. The cause was presented to the court on stipulations, the parties agreeing that the sole issue for determination was " . . . whether the enclosing of the porch on petitioner's building . . . is an enlargement or extension of a nonconforming use" pursuant to the zoning ordinance of the Town of Mayodan. The ordinance provided that nonconforming uses of land would not " . . . hereafter be enlarged or extended in any way" and that nonconforming buildings and uses of buildings would not hereafter be "enlarged."

The court entered judgment reversing the findings and decision of respondents and remanded the cause with direction that respondents issue the permit applied for. Respondents appealed.

*Bethea, Robinson and Moore, by D. Leon Moore, for respondent appellants.*

*Frazier, Frazier, Mahler & Walker, by Harold C. Mahler, and E. Thomas Maddox, Jr., for petitioner appellee.*

BRITT, Judge.

[1] The record does not disclose any exception to any of the proceedings. Rule 21 of the Rules of Practice in the Court of Appeals of North Carolina states: " . . . No exceptions not thus set out, or filed and made a part of the record on appeal, shall be considered by this Court . . . . " Nevertheless, in 1 Strong, N. C. Index 2d Appeal and Error § 26, at 152-54, we find: "An appeal is itself an exception to the judgment and to any matter appearing on the face of the record proper. . . . [R]eview is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form . . . . " Our Supreme Court has held that an exception to the judgment presents for review the conclusions of law of the trial court even though they are denominated findings of fact. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962).

[2] "Zoning ordinances are in derogation of the rights of private property and should be liberally construed in favor of the property owner." 5 Strong, N. C. Index 2d Municipal Corporations § 30, at 683. We hold that the trial court properly concluded that the enclosing of the existing porch on petitioner's building would not constitute an enlargement or extension of a nonconforming use under the zoning ordinance in question. The facts stipulated by the parties support the judgment and no error of law appears upon the face of the record.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge CLARK concur.