EDWIN L. VAN POOLE AND LAURA D. VAN POOLE AND ROBERT L. HUDSON AND WIFE, LINDA HUDSON v. VIOLET D. MESSER AND RUTH E. DULL

No. 7419SC977

(Filed 19 March 1975)

1. Deeds § 20— restrictive covenant prohibiting trailer — one trailer in subdivision — no radical change in character
    In an action to enjoin defendants from maintaining a mobile home on their property which was subject to a subdivision restrictive covenant prohibiting use of the property for trailers, evidence that one other trailer is used as a residence in the subdivision some 800 feet from plaintiff's property was insufficient to show such a radical change in the character of the subdivision as to defeat the objects and purposes of the restriction.

---

Van Poole v. Messer

---

**2. Trial § 40; Rules of Civil Procedure § 49— waiver of submission of issue**

Where defendants in an action to enforce a restrictive covenant neither objected to the issue of waiver submitted to the jury nor requested the court to submit an issue of substantial change in the character of the neighborhood, they waived their right to have such an issue passed on by the jury. G.S. 1A-1, Rule 49(c).

**3. Deeds § 20— restrictive covenants — waiver of right to enforce — lapsus linguae in instructions**

In an action to enforce a restrictive covenant, the court's instruction that the burden was on defendants to prove that "defendants" waived their right to enforce the restriction was a mere *lapsus linguae* and was not prejudicial to defendants.

**4. Deeds § 20— restrictive covenant — waiver of right to enforce — silent acquiescence**

In an action to enforce a restrictive covenant prohibiting trailers, the trial court did not err in failing to instruct the jury that it should find for defendants if plaintiffs "silently acquiesced" in the violation of the covenant where the evidence showed that if plaintiffs waived their right to enforce the covenant, they did so by expressly stating to defendants that they could place a trailer on their property.

ON writ of *certiorari* to review trial before *Exum, Judge.* Judgment entered 28 May 1974 in Superior Court, ROWAN County. Heard in the Court of Appeals 11 February 1975.

In this civil proceeding plaintiffs, Edwin L. Van Poole and wife, Laura D. Van Poole, and Robert L. Hudson and wife, Linda Hudson, brought suit against defendants, Violet D. Messer and Ruth E. Dull, to enforce a restrictive covenant on certain property owned by defendant Dull by having defendants permanently enjoined from maintaining a mobile home on said property.

In an amended complaint, filed 27 October 1972, plaintiffs alleged that they and defendant Dull were lot owners in East Jackson Park Subdivision in China Grove Township, Rowan County, and that all lots in the subdivision were subject to the following restrictions, duly recorded in the Rowan County Register of Deeds Office.

"6. No structure of a temporary character, trailer, basement, tent, shack, garage, barn, or other outbuilding shall be used on any lot at any time as a residence either temporarily or permanently."

Plaintiffs further alleged that defendants had placed a mobile home on lot 39 in East Jackson Park owned by defendant Dull.

Defendants admitted that the property was subject to the foregoing restrictive covenant and that Dull had placed a mobile home on lot 39. However, as a further answer and defense, defendant Dull alleged that the "plaintiffs, by their silence and acquiescence in allowing other violations of a similar nature, have assented to the abandonment of the restrictions of which they complain in their complaint against the defendants" and that "there has been such a substantial and radical change in the character of the property surrounding defendant's property that enforcement of the restrictions would be inequitable to the defendant and all other property owners similarly situated within the subdivision".

At the trial the defendants offered evidence tending to show that defendant Dull, who is defendant Messer's mother, purchased a mobile home and placed it on lot 39 behind her daughter's house. Prior to the purchase, plaintiff Edwin L. Van Poole, who owns an adjoining lot, told both Mrs. Dull and her daughter that he did not object to their placing a mobile home on the lot. Plaintiffs offered the testimony of Mr. Van Poole, who denied telling the defendants he did not object to the mobile home.

The following issue was submitted to and answered by the jury in favor of the plaintiffs:

"Are the plaintiffs precluded from enforcing Restrictive Covenant No. 6 by reason of having waived their right to do so or by having acquiesced in the defendants' violation thereof?"

From the judgment that defendants be permanently enjoined from maintaining a mobile home on lot 39 in East Jackson Park, defendants appealed.

*Rutledge and Friday by Clinton S. Forbis, Jr., for plaintiff appellees.*

*Larry G. Ford for defendant appellants.*

HEDRICK, Judge.

The three assignments of error brought forward and argued in defendants' brief all relate to the court's instructions to the jury.

---

---

**[1]** First, defendants contend the court erred in not submitting an issue as to whether the restrictive covenant in question had become unenforceable by reason of substantial and radical changes in the character of the East Jackson Park Subdivision.

In *Tull v. Doctors Building, Inc.*, 255 N.C. 23, 39, 120 S.E. 2d 817, 828 (1961), we find the following pertinent statement:

> " 'No hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, but it can be safely asserted the changes must be so radical as practically to destroy the essential objects and purposes of the agreement.' "

The only evidence in the record tending to show any changed conditions within the subdivision relating to the restrictive covenant is that one other trailer is used as a residence approximately 800 feet from plaintiff's property. Van Poole testified that this particular trailer was on another street and was not visible from his residence. While this evidence tends to show a violation of the restrictive covenant, we are of the opinion that it is not sufficient to show such a radical change as to defeat the purpose and object of the restrictive covenant and to require the submission of an issue to the jury on this point.

**[2]** Furthermore, defendants neither objected to the issue which was submitted to the jury nor requested the court to submit an issue of substantial change in the character of the neighborhood, and, therefore, waived their right to have such issue passed upon by the jury. G.S. 1A-1, Rule 49(c), Rules of Civil Procedure; *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731 (1961) ; *Benson v. Insurance Co.*, 23 N.C. App. 481, 209 S.E. 2d 362 (1974) ; *Yandle v. Yandle,* 17 N.C. App. 294, 193 S.E. 2d 768 (1973) ; *Brant v. Compton,* 16 N.C. App. 184, 191 S.E. 2d 383 (1972).

**[3]** Defendants next contend the trial court erred in its instructions to the jury when it stated:

> "Now, the burden of proof is on the defendants, members of the jury, to satisfy you by the evidence and by its greater weight, that the *defendants* have in fact waived their right to enforce this covenant or have acquiesced in the defendants' violation of it." [Emphasis ours.]

Although the trial judge erred in using the word "defendants" rather than "plaintiffs" in the portion of the charge ob-

jected to, we are of the opinion that this error, obviously a *lapsus linguae,* did not mislead the jury and was therefore not prejudicial to defendants. The trial judge properly instructed the jury in several other portions of the charge that the plaintiffs were seeking to enforce restrictive covenant number six against the defendants and that the issue to be decided was whether the *plaintiffs,* not the defendants, were precluded from doing so either because they had waived their right to enforce the covenant or because they had acquiesced in defendants' violation of it.

[4]    Finally, defendants contend the court erred in not instructing the jury it would answer the issue in favor of the defendants if it found that the plaintiffs "silently acquiesced" in the violation of the restrictive covenant. We do not agree.

There is no evidence in this record that the plaintiffs silently acquiesced in the violation of the restriction. If the plaintiffs waived their right to enforce the covenant at all, they did so by expressly stating to defendants that they could place a trailer on the property.

We find no error prejudicial to the defendants in the trial in the superior court.

No error.

Judges MORRIS and PARKER concur.