CLARENCE E. PATRICK AND WIFE, MAE JEAN PATRICK v. ED. P. MITCHELL

No. 7918DC185

(Filed 18 December 1979)

Contracts § 29.2— house constructed in unworkmanlike manner—computation of damages proper

    In an action to recover for defendant's alleged breach of contract in failing to construct a house in a workmanlike manner, the trial court did not err in failing to determine damages by assessing the cost of labor and materials necessary to repair the house to meet contract specifications, and the court could properly determine damages by computing the difference between the value of the house as the parties agreed in the contract and its value as constructed by defendant.

APPEAL by defendant from *Alexander (Elreta M.), Judge.* Judgment entered 4 October 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 19 October 1979.

Defendant received personal service of the summons and complaint in this action on 2 March 1978. Plaintiffs alleged in their verified complaint that defendant entered into a written

contract with plaintiffs for the construction of a residence on land owned by them in Guilford County and that defendant agreed to construct the residence in accordance with plans and specifications. Plaintiffs averred that they paid defendant in accordance with the contract, but that defendant failed to complete the construction of the house according to the plans and specifications or construct the house in a workmanlike manner, and that the house was in need of extensive repairs to correct the defects and make it suitable for habitiation. Plaintiffs alleged that after occupying the house they notified defendant of "said defects, insufficiencies, and states of ill repair" and that while defendant agreed to make the repairs, his failure to do so necessitated that plaintiffs pay for labor and materials for which they were not liable. Plaintiffs demanded damages for defendant's alleged breach of contract and failure to construct the house in a workmanlike manner in the sum of $5,000.

Defendant failed to answer or otherwise respond to plaintiffs' complaint. The matter came on to be heard before Judge Alexander on the issue of damages. Judge Alexander heard evidence for plaintiffs and defendant and thereupon found that the value of the house as the parties contracted was $65,000 while the value of the house constructed by defendant was only $50,000. The court entered judgment for plaintiffs in the amount of $5,000. Defendant appeals.

*Hoyle, Hoyle & Boone, by Timothy G. Warner, for plaintiff appellees.*

*Edwards, Greeson, Weeks & Turner, by James B. Weeks, for defendant appellant.*

WELLS, Judge.

Initially we note that defendant has failed to set out any exceptions in the record on appeal, although he lists five assignments of error. Those exceptions cannot be considered. Under Rule 10(b)(2) of the N.C. Rules of Appellate Procedure:

> ***An exception to the failure to . . . make a particular finding of fact or conclusion of law which was not specifically requested of the trial judge shall identify the omitted . . . finding, or conclusion by setting out its substance immediate-

ly following the . . . findings or conclusions made. A separate exception shall be set out to the making or omission of each finding of fact or conclusion of law which is to be assigned as error.

Under Rule 10(a), "the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal in accordance with this Rule 10." *See, Utilities Comm. v. Edmisten*, 30 N.C. App. 459, 227 S.E. 2d 593 (1976), *rev'd on other grounds*, 291 N.C. 451, 232 S.E. 2d 184 (1977).

Since defendant failed to answer the complaint, all of the allegations contained herein, with the exception of the amount of damage, are deemed admitted. G.S. 1A-1, Rule 8(d); *Bell v. Martin*, 43 N.C. App. 134, 258 S.E. 2d 403 (1979), *rev'd on other grounds*, --- N.C. ---, --- S.E. 2d --- (filed 1 April 1980).

Defendant argues that the trial court used an improper formula to compute plaintiffs' damages. Defendant contends that the court determined damages by computing the difference between the value of the house as the parties agreed in the contract and its value as constructed by defendant, instead of merely assessing the cost of labor and materials necessary to repair the house to meet contract specifications. The court made no findings as to the cost of making repairs or completing the house in a workmanlike manner in accordance with good building practices.

We find no error. The rule for the appropriate measure of damages for defects or omissions in the performance of a building or construction contract was set out by our Supreme Court in *Robbins v. Trading Post, Inc.*, 251 N.C. 663, 666, 111 S.E. 2d 884, 887 (1960):

"The fundamental principle which underlies the decisions regarding the measure of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have what he contracts for or its equivalent. What the equivalent is depends upon the circumstances of the case. In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the

cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contractor has acted in good faith, or the owner has taken possession, the latter is not permitted to recover the cost of making the change, but may recover the difference in value." 9 Am. Jur., Building and Construction Contracts, sec. 152, p. 89; [citation omitted]. The difference referred to is the difference between the value of the house contracted for and the value of the house built—the values to be determined as of the date of tender or delivery of possession to the owner.

*Accord, Leggette v. Pittman*, 268 N.C. 292, 150 S.E. 2d 420 (1966).

Defendant argues that the rule in *Robbins* entitles the plaintiffs in this action only to the cost of labor and materials required for completion of the contract, citing *Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974) in support of his position. We do not agree. The principle set out in *Robbins* must obviously be applied with fidelity to the facts in each case, as was made clear by Justice Moore. *Hartley* concerned the effect of substantial repairs made by the contractor prior to trial, and is clearly distinguishable from the case *sub judice*, where no such repairs have been alleged.

The trial court found defects, *inter alia*, in the installation of plumbing, footings around the front of the house, and electrical system. In modern residential construction, wiring and plumbing systems are substantially concealed in the wall, floor and ceiling structure, and footing is poured below grade. Thus, from the facts in the case before her, the trial judge may have reasonably inferred that in order to conform the work to the contract, a substantial part of the work that had been done would have to be undone. It is not disputed that damages were measured from the point in time plaintiffs had taken possession of the house. Under such circumstances, Judge Alexander applied the measure of damages most appropriate under the facts admitted by the pleadings and found by her.

Affirmed.

Judges ARNOLD and WEBB concur.