FRANCIS D. LaGASSE AND WIFE, SANDRA R. LaGASSE v. DON GARDNER, D/B/A SHOM CONSTRUCTION COMPANY

No. 8129SC1346

(Filed 21 December 1982)

1. Evidence § 47— violation of building code—expert testimony—code not in evidence

　　The trial court did not err in allowing testimony by two expert witnesses concerning requirements and violations of the State Building Code although the Code was not in evidence and the trial court did not take judicial notice of the Code.

2. Evidence § 47.1— expert testimony without hypothetical questions

　　Expert witnesses were properly allowed to state opinions, without the use of hypothetical questions, as to the likelihood that the walls as built in plaintiffs' house would cause structural cracks in the basement floor. G.S. 8-58.12.

3. Contracts § 29.2— breach of contract in construction of house—measure of damages

　　In an action for breach of contract by failing to complete a house for plaintiffs in a workmanlike manner, the cause is remanded for a determination by the trial court as to whether the defects found could be readily remedied without substantial destruction of any part of the house, in which case the measure of damages would be the cost of repairs, or whether a substantial part of what had been done must be undone in order to correct the deficiencies, in which case the measure of damages would be the difference between the value of the house contracted for and the value of the house built.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 17 July 1981 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 22 September 1982.

　　This is an action for breach of contract based on defendant's failure to complete plaintiffs' home in a workmanlike manner. The issues on appeal relate to the admissibility of evidence, the findings of fact and conclusions of law, and the measure of damages used by the trial court.

　　*Averette & Barton, by H. Paul Averette, Jr., for defendant appellant.*

　　*Ramsey, White, Cilley & Dalton, by William R. White, for plaintiff appellees.*

BECTON, Judge.

I

At trial, without a jury, plaintiffs' evidence tended to show that they entered into a contract with defendant, Shom Construction Company, for the construction of a Nationwide Modular Home. After moving into the house, plaintiffs found structural defects — no footing under the basement floor — and cracks in the walls and floor. Plaintiffs also testified that paint cracked and peeled off and that defendant failed to rough-grade the yard. Further, two experts in construction testified, among other things, (1) that an eight-inch retaining wall was used instead of the twelve-inch retaining wall required by the North Carolina State Building Code (Code); (2) that window and door lintels did not conform to the Code; (3) that there was no termite shield; (4) that the basement wall was out of plumb about one-quarter of an inch; and (5) that a two by twelve inch strap which should have been placed on each truss was not installed, causing a two-inch separation at the peak of the roof. The cost of repairs of the defects was estimated at $10,000 to $12,000.

Defendant, through his testimony and the testimony of other witnesses, responded to each of plaintiffs' allegations by showing that he was willing to correct certain alleged defects that had never been brought to his attention; that the house was built according to the contract and conformed to the Code; and that none of the alleged defects affected the house structurally.

Judgment was entered in favor of plaintiffs, and plaintiffs were awarded damages of $10,000. Defendant appealed.

II

[1] Combining related assignments of error, defendant first argues that the trial court erred by allowing testimony by the two expert witnesses concerning requirements and violations of the Code and by making findings based on the experts' testimony, when (i) the Code was not in evidence; (ii) the trial court did not take judicial notice of the Code; and (iii) neither the Code nor the particular sections relied upon was pleaded as required by county ordinance. We have three responses. First, the North Carolina State Building Code is a statewide Code, not a county ordinance.

*See* N.C. Gen. Stat. § 143-138(e) (1981). Second, plaintiffs' Amended Complaint refers to the Code, and defendant, therefore, cannot claim surprise. Third, essentially identical testimony to that complained of by defendant was admitted without objection. The expert witness Rowe testified that Transylvania County had enacted the statewide Code. Finally, the formal taking of judicial notice was not necessary under the facts of this case.

## III

[2] Defendant next argues that the trial court erred in (i) allowing the expert witnesses to testify about the likely result of building a load-bearing wall at the edge of a floating slab; (ii) the likelihood of structural cracks in the basement floor as a result of building a load-bearing wall at the edge of the floating slab; and (iii) the structural stability of the house based on the defects in the basement wall and floor. We find no error in this aspect of the trial. N.C. Gen. Stat. § 8-58.12 (1981) allows opinion testimony without hypothetical questions. Further, the expert witness Rowe testified that when a slab floor in a basement is built about four inches thick on a "floating slab," with certain conditions present, the wall would get "out of plumb." Rowe testified that the walls as built in plaintiffs' house were likely to cause structural cracks in the basement floor.

## IV

[3] Defendant finally contends that the trial court used the wrong measure of damages and, therefore, erred when it found as a fact and concluded, as a matter of law, that plaintiffs were damaged in the sum of $10,000. Defendant argues that damages for defects or omissions in the performance of a building contract, when part of the work must be undone and when plaintiff is already in possession of the house, are measured, not by the cost of repairs, but by determining the difference in value between what the house cost and what it is worth. *See, Robbins v. Trading Post, Inc.*, 251 N.C. 663, 111 S.E. 2d 884 (1960).

In this case, the trial court, after making the following findings of fact concerning defects and deficiencies in "workmanship," specifically found "[t]hat the reasonable costs of repair of these matters will be $10,000:"

4. That the footings in the house constructed by defendant construction company do not extend three inches beyond the load-bearing walls, as required by the North Carolina Building Code and the contract between the parties.

5. That 8-inch concrete block was used on load-bearing walls on which there was a fill in excess of 4 feet against these walls; that the use of 8-inch block instead of 12-inch block under these circumstances does not comply with the North Carolina Building Code or the contract between the parties.

6. That the Defendant construction company did not use masonry caps as set forth in the material specifications and its failure to do so constitutes a violation of the North Carolina Building Code.

7. That the Defendant construction company failed to install termite shields on the house as required by the material specifications.

8. That the Defendant construction company did not complete the painting of the house as specified in the material specifications.

9. That the Defendant construction company did not extend metal lintels at least 4 inches over beyond the aperture as required by the North Carolina Building Code.

10. That the Defendant construction company installed no anchor bolts as required by the material specifications and the North Carolina Building Code.

Based on the facts found, the trial court concluded that "defendant Shom Construction Company breached its contract with the plaintiffs and that the plaintiffs have been damaged as a result of said breach in the sum of $10,000. . . ." In *Robbins*, our Supreme Court said:

'The fundamental principle which underlies the decisions regarding the measure of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have what he contracts for or its equivalent. What the equivalent is depends upon the cir-

cumstances of the case. In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contractor has acted in good faith, or the owner has taken possession, the latter is not permitted to recover the cost of making the change, but may recover the difference in value.' [Citations omitted.] The difference referred to is the difference between the value of the house contracted for and the value of the house built—the values to be determined as of the date of tender or delivery of possession to owner.

Since there must be a new trial the following observations are in order. Defendant's evidence tends to show that such defects as do exist may be readily remedied without substantial destruction of any part of the building. Should the jury accept this view, the measure of damages is the cost of labor and material to make the building conform to the contract. [Citations omitted.] Plaintiffs' evidence tends to show that in order to remedy deficiencies a substantial part of what has been done must be undone. If the jury accepts plaintiffs' theory of the case, the measure of damages is the "difference in value" rule stated above.

*Robbins v. Trading Post, Inc.,* 251 N.C. at 666-67, 111 S.E. 2d at 887 (1960). *See also, Patrick v. Mitchell,* 44 N.C. App. 357, 260 S.E. 2d 809 (1979).

Defendant, in the case *sub judice,* did not attempt to show that the alleged defects could be remedied without substantial destruction of any part of the house. Plaintiffs' experts, on the other hand, testified at length about the changes that need to be made, about how to make these changes, and about the labor and material cost for making the changes. On the basis of the evidence presented, the trial court, as finder of the facts, should have determined if the defects found (1) could be "readily remedied without substantial destruction of any part of the [house]," and (2) should have further determined if a "substantial

part of what has been done must be undone" to remedy the deficiencies. *Robbins*, 251 N.C. at 666-67, 111 S.E. 2d at 887 (1960). Having failed to do so, the trial court erred.

We find no error in the other parts of the trial, and this case is, therefore, remanded so the trial court can determine, based on its findings of fact, whether the measure of damages is the "cost of repairs" or the difference between the value of the house contracted for and the value of the house built.

Remanded.

Chief Judge MORRIS and Judge JOHNSON concur.