RONNIE STILES AND WIFE, PATRICIA A. STILES v. CHARLES M. MORGAN CO., INC.

No. 8229DC1055

(Filed 4 October 1983)

**Damages §§ 5, 6— instructions on measure of damages for defect in new home incorrectly stated**

In an action for breach of both express and implied warranties in the construction of a home, the trial court erred in its instructions concerning damages where the trial court instructed as to the method of measuring damages by looking at the difference in the value of the house as warranted and its value as actually built but failed to instruct as to the method of measuring damages by the cost of repair.

APPEAL by defendant from *Guice, Judge.* Judgment entered 7 May 1982 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 26 August 1983.

Plaintiffs brought this action for breach of both express and implied warranties in the construction of a house. From a judgment entered on a verdict for plaintiffs, defendant appeals.

*Ramsey, Smart & Ramsey, P.A., by Michael K. Pratt, for defendant appellant.*

*Larry J. Ford for plaintiff appellees.*

WHICHARD, Judge.

Plaintiffs purchased a newly constructed house from defendant for the sum of $51,500. After moving into the house, they discovered that the downstairs area leaked. The cost of repairing the leakage was $4,439.50. The cost of replacing paneling, molding, carpet, and other items damaged by the leakage was $1,131.17. The total cost to plaintiffs, then, of correcting the defect and restoring the home, was $5,570.67.

Plaintiffs brought this action for breach of both express and implied warranties in the construction of the house. The jury returned a verdict for plaintiffs in the amount of $5,500. Defendant contends the court erred in not explaining the law as it arises on the evidence as to damages. We agree, and accordingly award a new trial.

The trial court has a "duty, without a request for special instruction, to explain the law and apply it to the evidence on all substantial features of the case." *Board of Transportation v. Rand,* 299 N.C. 476, 483, 263 S.E. 2d 565, 570 (1980); *see also* G.S. 1A-1, Rule 51(a); *Investment Properties v. Norburn,* 281 N.C. 191, 197, 188 S.E. 2d 342, 346 (1972). The failure to do so constitutes prejudicial error and entitles the aggrieved party to a new trial. *Board of Transportation v. Rand, supra; Clifford v. River Bend Plantation,* 55 N.C. App. 514, 521, 286 S.E. 2d 352, 356 (1982).

In a breach of warranty action there are two methods of measuring damages. The first method looks at the difference in the value of the house as warranted and its value as actually built. This method is used when the trier of fact determines that a substantial part of the work would have to be redone to comply with the contract. The second method measures the damages by the cost of repairs. It is used when the trier of fact determines that the defects can be corrected without undoing a substantial part of the work. *Leggette v. Pittman,* 268 N.C. 292, 293, 150 S.E. 2d 420, 421 (1966); *Robbins v. Trading Post, Inc.,* 251 N.C. 663, 666, 111 S.E. 2d 884, 887 (1959); *Coley v. Eudy,* 51 N.C. App. 310,

314, 276 S.E. 2d 462, 466 (1981); Dobbs, *Remedies* § 12.21, at 897-99 (1973).

Generally, before the builder makes extensive efforts to remedy the defect, either measure may be used. *See Hartley v. Ballou,* 286 N.C. 51, 63, 209 S.E. 2d 776, 783 (1974); *Stone v. Homes, Inc.,* 37 N.C. App. 97, 104, 245 S.E. 2d 801, 806-07, *disc. rev. denied,* 295 N.C. 653, 248 S.E. 2d 257 (1978). The trier of fact must, however, determine whether a substantial part of the work would have to be redone in order to determine which method is more appropriate in a particular case. *LaGasse v. Gardner,* 60 N.C. App. 165, 169-70, 298 S.E. 2d 393, 396 (1982).

Additionally, in a breach of warranty action, the aggrieved party can recover "such special damages as were within the contemplation of the parties." *Insurance Co. v. Chevrolet Co.,* 253 N.C. 243, 249, 116 S.E. 2d 780, 785 (1960). In another case based on water leakage, this Court stated: "It was within the contemplation of the parties at the time of the making of the contract that improper construction could lead to water damage with attendant expenses to the plaintiff." *Hartley v. Ballou,* 20 N.C. App. 493, 499, 201 S.E. 2d 712, 715-16, *rev'd on other grounds,* 286 N.C. 51, 209 S.E. 2d 776 (1974). Thus, plaintiffs should be allowed to recover any special damages incurred because of the water damage.

Based on the evidence presented, it would have been proper for the court to have instructed the jury that if it determined that a substantial part of the work had to be redone, it should then award plaintiffs the difference in the value of the house as warranted and as in fact received; but that if it determined that a substantial part of the work would not have to be redone, it should then award plaintiffs the cost of repair. Additionally, it would have been proper to instruct that regardless of whether the jury determined that substantial work had to be redone, plaintiffs were entitled to recover any special damages which were within the contemplation of the parties at the making of the contract. This would include expenses incurred because of the water damage.

*LaGasse, supra,* like this case, dealt with the measure of damages in a breach of warranty action. The evidence there showed that the cost of repairs was between $10,000 and $12,000.

The court, sitting without a jury, concluded that the damages were $10,000. This Court held that the trial court erred in not determining whether a substantial part of the work would have to be redone. It remanded for determination of which measure of damages was appropriate.

The court here gave the following instructions:

> Where there is a breach of an implied warranty of workmanlike quality the party complaining of damages is entitled to recover the difference between the reasonable market value of the property as impliedly warranted and the reasonable market value in its actual condition; that is, the amount required to bring the property into compliance with the implied warranty.

> \*  \*  \*

> Where there is a breach of express warranty, the party complaining of damages, that is, the plaintiffs, are entitled to recover the difference between the reasonable market value of the property as expressly warranted and the reasonable market value in its actual condition.

> So, finally, members of the jury, . . . if you find by the greater weight of the evidence that the plaintiffs have sustained damages, some amount of damages, under the rules which the Court has just given you, then the plaintiffs are entitled to recover the difference between the reasonable market value of the property as impliedly warranted or expressly warranted and the reasonable market value in its actual condition.

Just as the court in *LaGasse* erred in concluding that the cost of repair constituted the plaintiffs' damages, without finding whether the appropriate measure was the "cost" rule or the "value" rule, *see Dobbs, supra,* at 897, so the court here erred in instructing *only as to the difference in value measure.* It should have instructed as to both measures, and that the jury should determine the applicable measure based on its finding as to whether a substantial portion of the work would have to be redone. It also should have instructed regarding plaintiffs' entitlement to any special damages which were within the contemplation of the parties at the making of the contract.

Defendant also contends the court erred in submitting breach of both express and implied warranty as a single issue. The record reveals neither objection to the issues submitted nor request for the submission of issues differently framed. Absent such, objection to the issues submitted generally is deemed waived and not tenderable on appeal. *See* G.S. 1A-1, Rule 49(c); *Foods, Inc. v. Super Markets*, 288 N.C. 213, 225-26, 217 S.E. 2d 566, 576 (1975); *Van Poole v. Messer*, 25 N.C. App. 203, 206, 212 S.E. 2d 548, 550 (1975); *Brant v. Compton*, 16 N.C. App. 184, 185-86, 191 S.E. 2d 383, 384, *cert. denied*, 282 N.C. 672, 196 S.E. 2d 809 (1972). In view of the disposition made herein, it will suffice to recommend that upon retrial separate issues be submitted.

New trial.

Judges JOHNSON and EAGLES concur.