WAYNICK CONSTRUCTION, INC. v. MARION FRANKLIN YORK AND WIFE, HARRIS WYLIE YORK

No. 8319SC736

(Filed 4 September 1984)

### 1. Appeal and Error § 26— exception to entry of order—questions presented

Defendant's broadside exception to the entry of an order presents on appeal the question of whether the findings support the conclusions of law and in turn the judgment.

### 2. Rules of Civil Procedure § 52— purpose of detailed findings—purpose of separate conclusions

The requirement of G.S. 1A-1, Rule 52 that the trier of fact find the facts specially and state separately its conclusions of law thereon is not simply a rule of empty ritual. The purpose of detailed findings of specific facts is to allow a reviewing court to determine from the record whether the judgment and the underlying legal conclusions represent a correct application of the law; the purpose for requiring conclusions of law to be stated separately is to enable the reviewing court to determine what law the court applied to the facts found.

### 3. Trial § 58— insufficient findings of fact

The trial court's findings detailing the procedural facts that plaintiff had filed a claim of lien and that the parties had stipulated that the judgment might be entered out of district and out of term, reciting the terms of the contract, the payments actually made thereunder and the outstanding balance which defendants refused to pay, and stating simply that plaintiff had "substantially complied" with the contract were insufficient to resolve the issues of the case.

### 4. Contracts § 21.2— construction contract—substantial performance—action for nonapparent defects

Performance of a construction contract in substantial accordance with the specifications does not preclude an action for defects not readily apparent upon completion.

### 5. Evidence § 48— expert witness—failure to tender as expert

A formal offer of an architect to the court as an expert was not required for the architect to state his opinions where the architect's qualifications were presented at length and defendant's intent to offer him as an expert was clear.

### 6. Evidence § 47— expert testimony—personal knowledge not required

Where the facts upon which an architect intended to rely in answering a question were already in evidence through defendant's other technical witness, personal knowledge was not a prerequisite for the architect to give an opinion; accordingly, the trial court erred in excluding the architect's opinion as to the cost of repair of a house on the ground that he did not have personal knowledge of the dimensions of the house.

**7. Appeal and Error § 49.1— exclusion of evidence—offer of proof in record**

Ordinarily, an offer of proof in the record is necessary to appellate review of rulings excluding evidence, but such an offer is not absolutely essential if the record plainly discloses the significance of the evidence.

**8. Appeal and Error § 62.1— inadequate findings—remand for new trial**

Where the trial court's findings are clearly inadequate, the appellate court may order a new trial rather than remand the case for further proceedings to supply the deficiencies.

APPEAL by defendants from *Lane, Judge.* Judgment entered 9 February 1983 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 13 April 1984.

Plaintiff company built a house pursuant to a general contract with defendants. The contract price was cost of materials and labor plus an 11% contractor's fee upon completion. Defendants indicated some dissatisfaction during the progress of construction, but paid all materials and labor invoices. They refused, however, to pay the contractor's fee of some $17,000 when plaintiff ended his work on the project. Plaintiff sued; defendants counterclaimed, alleging various breaches by plaintiff, including numerous instances of defective workmanship. Upon trial before the court, plaintiff presented evidence tending to show a good faith effort to construct the house, which was hampered and delayed by defendants' demands. Defendants' evidence tended to show that plaintiff abandoned the project after a pattern of inattention and shoddy workmanship. The court dismissed the counterclaim and entered judgment for plaintiff for the fee. Defendants appeal.

*Wilson & Kastner, by James L. Wilson, for defendant appellants.*

*Douglas, Ravenel, Hardy, Crihfield & Lung, by John W. Hardy, for plaintiff appellee.*

JOHNSON, Judge.

I

[1] Plaintiff contends that defendants have not excepted to the findings of fact of the court, but only to the entry of the order, and that therefore defendants' assignments of error are not properly before this Court. *See* App. R. 10(b); 1 Strong's N.C. Index 3d

Appeal and Error § 28 (1976). It is well established that defendants' broadside exception presents on appeal the question of whether the findings, established by the failure to make specific exceptions, support the conclusions of law and in turn the judgment. *Anderson Chevrolet/Olds v. Higgins,* 57 N.C. App. 650, 292 S.E. 2d 159 (1982). It also presents conclusions of law denominated as findings of fact. *Clark v. Richardson,* 24 N.C. App. 556, 211 S.E. 2d 530 (1975) (reviewing unexcepted "findings").

## II

[2] In the present case the court sat as finder of fact and entered written judgment. Its duties as trier of fact were to "find the facts specially and state separately its conclusions of law thereon." G.S. 1A-1, Rule 52(a)(1). The requirements of Rule 52 are not simply rules of "empty ritual." *Coble v. Coble,* 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). The purpose of detailed findings of specific facts is to allow a reviewing court to determine from the record whether the judgment and the underlying legal conclusions represent a correct application of the law. *Id.* The purpose for requiring conclusions of law to be stated separately is to enable the reviewing court to determine what law the court applied to the facts found. *Hinson v. Jefferson,* 287 N.C. 422, 429, 215 S.E. 2d 102, 107 (1975).

[3] The trial court failed to make any conclusions of law in the present case. Our ensuing difficulty in determining the theory of law applied is compounded by the paucity of relevant findings of fact. Other than detailing the procedural facts that plaintiff had filed a claim of lien and that the parties had stipulated that the judgment might be entered out of district and out of term, the court made only three findings of fact. Two of these simply recited the terms of the contract, the payments actually made thereunder and the outstanding balance which defendants refused to pay. None of these findings resolved any matters in dispute.

The third and critical finding was simply that plaintiff had "substantially complied" with the contract. This is the only finding in the judgment resolving any matter in dispute. Even when we accept this finding as established, it does not provide a basis for conclusively resolving all the issues of the case.

## III

[4] Under the law of construction contracts, a party is entitled to receive what he contracted for or its equivalent. *Robbins v. Trading Post,* 251 N.C. 663, 666, 111 S.E. 2d 884, 887 (1960). "Substantial compliance" is not the same as full compliance. *Moss v. Knitting Mills,* 190 N.C. 644, 648, 130 S.E. 635, 637 (1925). Substantial compliance requires only ordinary care and skill, and damages for the repair of defects may still be recovered. *Id.* More recently, our Supreme Court has held that performance of a construction contract in substantial accordance with the specifications does not preclude an action for defects not readily apparent upon completion, such as those contested here. *Realty Co. v. Batson,* 256 N.C. 298, 123 S.E. 2d 744 (1962); *see* Restatement (Second) of Contracts § 246 Comment d, illustration 6 (1981).

Defendants had counterclaimed for such damages but that counterclaim was involuntarily dismissed by the court. If that ruling was correct, no claim for damages lay before the court at the time it entered the final judgment and we might affirm. Here again, however, the court failed to make any findings of fact despite the clear mandate of the Rules of Civil Procedure. G.S. 1A-1, Rule 41(b); G.S. 1A-1, Rule 52; *see Graphics, Inc. v. Hamby,* 48 N.C. App. 82, 89, 268 S.E. 2d 567, 571-72 (1980) (failure is reversible error). The only reason apparent on the record for the dismissal is that defendants failed to show any amount of damages. This Court has recently reiterated the applicable rules governing damages in cases such as this:

> "The fundamental principle which underlies the decisions regarding the measure of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have what he contracts for or its equivalent. What the equivalent is depends upon the circumstances of the case. In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contrac-

tor has acted in good faith, or the owner has taken posses-
sion, the latter is not permitted to recover the cost of making
the change, but may recover the difference in value." [Cita-
tions omitted.] The difference referred to is the difference
between the value of the house contracted for and the value
of the house built—the values to be determined as of the
date of tender or delivery of possession to owner.

*LaGasse v. Gardner*, 60 N.C. App. 165, 168-69, 298 S.E. 2d 393, 396
(1982), *quoting Robbins v. Trading Post, supra*, at 666, 111 S.E. 2d
at 887.

It is unclear which of these theories the court applied in
dismissing the counterclaim. Plaintiff contends that all the evi-
dence showed that the existing floors would first have to be
destroyed to achieve compliance, and that defendants put on no
evidence as to relative value, and that dismissal was accordingly
proper. Defendants contend that their evidence concerned repairs
to bring the work into conformity, and that no destruction was re-
quired; since their evidence as to the cost of repair was excluded,
to which they also assign error, they could not show damages. If
the evidence was improperly excluded, they argue, the dismissal
was also improper. Nothing in the evidence affirmatively in-
dicates that existing work need be destroyed or substantially un-
done to achieve conformity. We held in *LaGasse* that in cases
such as this the court must specifically rule which theory applies.
Again, the court erred failing to make such findings.

## IV

The principal reason that defendants did not present evi-
dence of damages supporting their theory is because the court ex-
cluded such evidence. Defendants attempted to put on "cost of
repair" testimony through opinion testimony of an architect, but
it was excluded by the court on hearsay grounds, *i.e.*, that the
architect did not have personal knowledge of the dimensions of
the house and therefore could not estimate the cost of repair.

## A

[5]   We note first that defendants failed to offer the architect to
the court as an expert. Under the circumstances of the case, how-
ever, the lack of a formal offer does not prevent review. The ar-
chitect's qualifications were presented at length and defendants'

intent to offer him as an expert was clear. Defendants repeatedly asked for the architect's opinions on technical issues and asked him to describe his calculations. The adverse rulings of the court were expressly stated with the grounds therefor. On identical facts our Supreme Court has held that a formal tender is not an essential prerequisite to eliciting an opinion. *Dickens v. Everhart*, 284 N.C. 95, 103, 199 S.E. 2d 440, 444 (1973) (to require formal offer "exalts form over substance").

B

[6] The facts upon which the architect intended to rely in answering the question were already in evidence through defendants' other technical witness. As such, personal knowledge was not a prerequisite for him to give an opinion. *State v. Grady*, 38 N.C. App. 152, 247 S.E. 2d 624 (1982); *see* 1 H. Brandis, N.C. Evidence § 137 at 546 (1982); G.S. § 8C-1, Rule 703 (Supp. 1983). Accordingly, the court erred in excluding the architect's opinion as to cost of repair, especially in view of the fact that the trial took place before the court, not a jury. *See* 1 H. Brandis, N.C. Evidence § 4A (1982) (rules more relaxed).

C

[7] Nevertheless, argues plaintiff, the error is not properly before this Court since defendants did not put an offer of proof into the record. Ordinarily, such an offer is necessary to appellate review of rulings excluding evidence; however, it is not absolutely essential if the record plainly discloses the significance of the evidence. *Currence v. Hardin*, 296 N.C. 95, 249 S.E. 2d 387 (1978). Here, it is clear that the significance of the excluded evidence was only the dollar amount of the architect's estimate. The architect did present testimony, although subsequently stricken, that removal of some studs to effect the repair would cost $250. This appears to be as much a part of the whole record as excluded evidence offered outside the record of testimony. Furthermore, we can safely say that the remaining work which the architect testified was necessary would not be done for free. It is well established that once breach of a contract has been shown, the claimant is entitled to at least nominal damages. *See* 3 Strong's N.C. Index 3d Contracts § 29 (1976). The only significance of the excluded testimony would be to increase the dollar amount of alleged damages. It would not affect basic questions of liability.

*Compare Currence v. Hardin, supra* (no offer of proof of medical diagnosis of plaintiff, not reviewable). Accordingly, we hold that the failure to make a formal offer does not preclude appellate review in this case, and we again find error in the exclusion of the evidence.

## V

[8] Having found numerous errors, the proper disposition of the case now must be determined. Ordinarily, where the court fails to make some findings necessary to support the judgment, we may remand for further proceedings to supply the few deficiencies. *See Henderson v. Henderson*, 307 N.C. 401, 409-10, 298 S.E. 2d 345, 351 (1983) (remand for findings solely on willfulness). On the other hand, the appellate courts may also order a new trial where findings are clearly inadequate, as we believe they are here. *Quick v. Quick*, 305 N.C. 446, 458-59, 290 S.E. 2d 653, 661-62 (1982). The failure of the court to make any findings in dismissing the counterclaim reinforces our conclusion, *Graphics, Inc. v. Hamby, supra* (new trial), as do the erroneous evidentiary rulings. Accordingly, the judgment is vacated and the cause remanded for a new trial.

New trial.

Judges WELLS and BECTON concur.