EAST COAST OIL COMPANY v. JAMES H. FAIR AND WIFE, ESTHER FAIR

No. 6828SC275

(Filed 11 December 1968)

### 1. Pleadings § 13— counterclaim arising out of contract sued on

In an action to recover overpayments allegedly made under a lease agreement, it was error for the court to strike defendant's counterclaim for commissions allegedly due by plaintiff to defendant under the terms of the lease upon which plaintiff's cause of action arose. G.S. 1-137.

### 2. Pleadings § 7— prayer for relief

It is not reversible error to strike parts of a prayer for relief even when a party is entitled to the relief set out in the prayer, but a denial of the relief to which a party is entitled is error regardless of whether or not it is set out in the prayer for relief.

### 3. Pleadings § 7— prayer for relief — necessity

A party is entitled to the relief which the allegations in the pleadings justify, it not being necessary that there be a prayer for relief or that the prayer for relief contain a correct statement of the relief to which the party is entitled.

### 4. Trial § 40; Pleadings § 37— issues submitted — discretion of trial judge

While it is ordinarily within the sound discretion of the trial judge as to what issues shall be submitted to the jury and the form thereof, G.S. 1-200 requires the judge to submit such issues as are necessary to settle the material controversies arising on the pleadings.

### 5. Trial § 42— sufficiency of verdict

The verdict, whether in response to one or many issues, must establish facts sufficient to enable the court to proceed to judgment.

### 6. Judgments § 3; Pleadings § 37— judgment must conform to verdict

The judgment must be supported by and conform to the verdict of the jury in all substantial particulars.

### 7. Judgments § 3— effect of failure of verdict to support judgment

Where neither the verdict rendered by the jury in response to the single issue submitted to them nor the admissions in the record will support the judgment rendered by the court, the cause is remanded for a new trial.

APPEAL by defendant from *Thornburg, S.J.,* 22 April 1968 Session of BUNCOMBE Superior Court.

On 30 April 1960 the plaintiff and the defendant James H. Fair (individually) entered into a lease agreement whereby the plaintiff leased certain property owned by the defendant and used as a service station. The term of the lease was four years with an option to

renew for an additional five years. During the original term, the plaintiff paid and the defendant accepted a rental payment of $125 per month. Commencing with the renewal term beginning on 1 May 1964, the defendant refused to accept any rental payments tendered by the plaintiff until the payment that was made in June 1965. The check issued by the plaintiff to the defendant dated 1 June 1965 was in the amount of $1,750 and was accompanied by a letter noting that it was for the accrued rental from 30 April 1964 to 8 July 1965. The defendant endorsed this check and deposited it in the Black Mountain Savings and Loan Association. In the succeeding months, the following checks were issued by the plaintiff to the defendant for rent: July, $1,875; August, $2,000; September, $2,125; October, $2,250. Each of these checks was designated as covering the entire rental due for the period 30 April 1964 through the current month. Each check was accompanied by a letter stating that all checks previously issued had not been cashed and payment had been stopped thereon. Payment had not been effectively stopped, and all of these checks were cashed by the defendant so that he received the total sum of $10,000 from the plaintiff. The plaintiff contends that the defendant is entitled to only $2,250 of this amount and seeks to recover the overpayment of $7,750. Defendant contended in a counterclaim, which was stricken, that the plaintiff owes $75,900 in commission payments on the lease agreement for the period 1 June 1960 through 28 February 1966. Only one issue was submitted to the jury who returned a verdict in favor of the plaintiff. Judgment was entered as follows:

> "This cause coming on to be heard and being heard before the undersigned, Judge holding the April 22, 1968, Civil 'A' Session of the Superior Court of Buncombe County, and a jury, and the plaintiff having offered evidence and the defendant having elected not to offer evidence, the following issue was submitted to the jury and answered as follows:

>> Did the defendant James H. Fair receive from the plaintiff the sum of $7,750.00, which belonged to the plaintiff, as alleged in the Complaint?

>> 'Yes.'

> Upon the foregoing verdict, the Court ADJUDGES:

> 1. That the plaintiff is entitled to recover of the defendant James H. Fair the sum of Seven Thousand Seven Hundred Fifty ($7,750.00) Dollars, which amount is reduced by the amount of One Hundred Twenty-five ($125.00) Dollars for

each calendar month after October, 1965, that the plaintiff has occupied the leased premises, including April, 1968, being thirty (30) months, for a total reduction of Three Thousand Seven Hundred Fifty ($3,750.00) Dollars.

2. That the plaintiff have and recover judgment of the defendant James H. Fair in the amount of Four Thousand ($4,000.00) Dollars, together with interest at the rate of six (6%) per cent per annum from this date until paid.

3. That the plaintiff be relieved of any further payment of rent to the defendant James H. Fair until said judgment is paid and satisfied in full.

4. That the defendant James H. Fair is hereby ORDERED to turn over to the Clerk of the Superior Court all checks issued to him in payment of rent from July, 1964, through May, 1965, and he is permanently restrained and enjoined from endorsing or presenting said checks for payment.

5. That the plaintiff and the surety on its bond are hereby discharged of their obligation filed with this Court dated the 17th day of November, 1965.

6. That the defendant James H. Fair pay the costs of this action to be taxed by the Clerk."

The defendant excepted, assigned error, and appealed to the Court of Appeals.

*Landon Roberts for plaintiff appellee.*

*Cecil C. Jackson, Jr., for defendant appellants.*

MALLARD, C.J.

Defendant Esther Fair did not appeal. No judgment was entered against her. Plaintiff's case against her, if it has one, is not submitted on this record.

When this case was called for trial in this Court, defendant demurred *ore tenus*. This demurrer has no merit and is denied.

[1] Defendant James H. Fair in his answer set up a counterclaim in which he asserted that he is entitled to recover a total of $75,900 for unpaid commissions due under the terms of the lease, a copy of which he attaches, and on which plaintiff's cause of action is founded. Upon motion of plaintiff the counterclaim was stricken. We are of the opinion and so hold that it was proper for the defendant to as-

sert a counterclaim for commissions due by plaintiff to defendant under the terms of the lease upon which plaintiff's cause of action arose. G.S. 1-137; 1 McIntosh, N. C. Practice 2d, § 1240; *Rubber Co. v. Distributors, Inc.,* 251 N.C. 406, 111 S.E. 2d 614; *Burns v. Oil Corporation,* 246 N.C. 266, 98 S.E. 2d 339.

It was error for the court to allow plaintiff's motion to strike the defendant James H. Fair's "Further Answer, Defense and Counterclaim." Defendant James H. Fair was entitled to allege in this cause a breach of the lease agreement sued on by plaintiff. We are not concerned here with whether the defendant will recover in view of the factual situation and the provisions of paragraph VI of the lease agreement. But we are concerned here with defendant's *right to assert a counterclaim* against the plaintiff based on nonpayment of commissions *alleged* to be due under the lease. Clearly, the counterclaim set out here is permissible in that it is an alleged existing cause of action connected with plaintiff's action. *Amusement Co. v. Tarkington,* 247 N.C. 444, 101 S.E. 2d 398; *Finance Co. v. Simmons,* 247 N.C. 724, 102 S.E. 2d 119; *Garrett v. Love,* 89 N.C. 205.

[2, 3]    Defendant James H. Fair also contends that the court committed error in striking portions of his prayer for relief. It is not reversible error to strike parts of a prayer for relief even when a party is entitled to the relief set out in the prayer for relief. However, a denial of the relief to which a party is entitled is error, regardless of whether or not it is set out in the prayer for relief. It is well-settled law in North Carolina that a party is entitled to the relief which the allegations in the pleadings will justify. *Bruton v. Bland,* 260 N.C. 429, 132 S.E. 2d 910. It is not necessary that there be a prayer for relief or that the prayer for relief contain a correct statement of the relief to which the party is entitled. 2 McIntosh, N. C. Practice 2d, §§ 999(1), 1694.

Defendant assigns as error the failure of the court to submit more than one issue and contends that the issue submitted was ambiguous. G.S. 1-200 requires:

"Issues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues. The issues arising upon the pleadings, material to be tried, must be made up by the attorneys appearing in the action, or by the judge presiding, and reduced to writing, before or during the trial."

[4]    Ordinarily, it is within the sound discretion of the trial judge as to what issues shall be submitted to the jury and the form

thereof. The statute, however, requires the judge to submit such issues as are necessary to settle the material controversies arising on the pleadings. *Griffin v. Insurance Co.*, 225 N.C. 684, 36 S.E. 2d 225.

In *Denmark v. R. R.*, 107 N.C. 185, 12 S.E. 54, the Supreme Court said:

"1. Only issues of fact raised by the pleadings must be submitted to the jury.

2. The verdict, whether in response to one or many issues, must establish facts sufficient to enable the court to proceed to judgment.

3. Of the issues raised by the pleadings, the judge who tries the case may in his discretion submit one or many, provided that neither of the parties to the action is denied the opportunity to present to the jury any view of the law arising out of the evidence, through the medium of pertinent instructions on some issue passed upon."

In *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731, the Court said:

" 'The submission of issues is not a mere matter within the discretion of the court, but it is now a mandatory requirement of the law, and a failure to observe this requirement will entitle the party *who has not in some way lost the right* to have the error of the court corrected.' . . .

. . . 'If the parties consent to the issues submitted, or do not object at the time or ask for different or additional issues, the objection cannot be made later.' McIntosh, *opus* cited, § 510. If defendant had not tendered issues or otherwise objected to trial on the issue submitted, it could not do so on this appeal."

In the instant case the judge submitted the following issue:

"Did the defendant James H. Fair receive from the plaintiff the sum of $7,750.00, which belonged to the plaintiff, as alleged in the Complaint?"

[5, 6] Defendant excepted to the submission of this issue and failed to tender issues. However, there is error in the judgment of the court below in that the verdict rendered by the jury will not support the judgment entered by the court. As noted above, one of the requirements laid down by the Court in *Denmark v. R. R., supra,* is that the verdict "must establish facts sufficient to enable the court to proceed to judgment." In the present case the verdict rendered by the jury in response to the single issue that was submitted to

them merely establishes that the defendant has received $7,750 "which belonged" to the plaintiff. It does not even establish that the defendant is indebted to the plaintiff. The words in the issue "as alleged in the complaint" are not sufficient to explain or justify the judgment entered. "It is thoroughly settled in law that in all cases tried by a jury the judgment must be supported by and conform to the verdict in all substantial particulars." *Russell v. Hamlett,* 261 N.C. 603, 135 S.E. 2d 547. See also *Supply Co. v. Horton,* 220 N.C. 373, 17 S.E. 2d 493. In the present case the judgment of the court goes far beyond those matters answered by the jury in its verdict. The judgment of the court that the plaintiff is entitled to recover $7,750 of the defendant, reduced by $3,750 for a total recovery of $4,000, is inconsistent with the verdict of the jury to the effect that the defendant had received $7,750 from the plaintiff. The jury did not pass on the issue of whether the money was wrongfully detained by the defendant or whether in fact the defendant was indebted to the plaintiff for money had and received or whether defendant was entitled to rent in the amount allotted by the court in the judgment.

[7]    In the absence of issues answered by the jury, or admissions in the record sufficient to reasonably justify the judgment rendered, this case is remanded for a new trial.

For the reasons stated, there must be a

New trial.

CAMPBELL and MORRIS, JJ., concur.