EUGENE F. BRANT v. CALVIN E. COMPTON AND MRS. CALVIN E. COMPTON

No. 7219SC623

(Filed 20 September 1972)

1. Trial § 40— form of issue submitted — waiver of objection
    Plaintiff waived his right to challenge the form of the issue submitted on contributory negligence by failing to object thereto at the trial.

2. Appeal and Error § 50— erroneous instruction — issue answered in appellant's favor — harmless error
    Plaintiff was not prejudiced by an erroneous instruction relating to an issue that was answered in his favor.

APPEAL by plaintiff from *McConnell, Judge,* 7 February 1972 Civil Session of CABARRUS Superior Court.

In this civil action plaintiff seeks to recover for personal injuries and property damage sustained in a collision between an automobile owned and operated by plaintiff and an automobile owned by the feme defendant and operated at the time by the male defendant. In their answer defendants, among other things, pleaded contributory negligence and the feme defendant filed a counterclaim for damage to her automobile.

Issues 1 and 2 were submitted to and answered by the jury as follows:

> (1) Was plaintiff injured or damaged by the negligence of defendants as alleged in the complaint?

ANSWER: Yes.

> (2) If so, did the plaintiff contribute to such damage as alleged in the answer?

ANSWER: Yes.

From judgment denying either party any recovery and taxing plaintiff with the costs, plaintiff appealed.

*Thomas K. Spence for plaintiff appellant.*

*Williams, Willeford and Boger by John Hugh Williams for defendants appellees.*

BRITT, Judge.

Plaintiff assigns as error the form of the second issue submitted to the jury, contending that the issue "only inquired as to whether appellant had contributed to his damage without any reference to negligence."

G.S. 1A-1, Rule 49 (b) and (c) provides:

"(b) *Framing of issues.*—Issues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues. The issues, material to be tried, must be made up by the attorneys appearing in the action, or by the judge presiding, and reducing (sic) to writing, before or during the trial.

(c) *Waiver of jury trial on issue.*—If, in submitting the issues to the jury, the judge omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the judge may make a finding; or, if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered."

G.S. 1A-1, Rule 49 (b) contains substantially the same language as former G.S. 1-200 which latter statute was in force prior to 1 January 1970, the effective date of G.S. 1A-1. It appears to be well settled that ordinarily it is within the sound discretion of the trial judge as to the form of the issues. *Griffin v. Insurance Co.,* 225 N.C. 684, 36 S.E. 2d 225 (1945); *East Coast Oil Co. v. Fair,* 3 N.C. App. 175, 164 S.E. 2d 482 (1968).

In *Baker v. Construction Corp.,* 255 N.C. 302, 307, 121 S.E. 2d 731, 735 (1961), opinion by Bobbitt, Justice (now Chief Justice), we find: " 'If the parties consent to the issues submitted, or do not object at the time or ask for different or additional issues, the objection cannot be made later.' McIntosh, *opus* cited, § 510. If defendant had not tendered issues or otherwise objected to trial on the issue submitted, it could not do so on this appeal. (Citations.) "

[1] The record in the instant case fails to disclose that plaintiff objected to the form of the issue submitted. The record does disclose that the trial judge fully and properly charged on the

question of contributory negligence and plaintiff challenges no part of the charge relating to contributory negligence. Thus it appears that under the authorities construing former G.S. 1-200 that plaintiff waived his right to challenge the form of the second issue and we so hold. It also appears that plaintiff is further precluded by Rule 49 (c) quoted above. The assignment of error is overruled.

[2]   By his second assignment of error plaintiff contends that the court expressed an opinion on the evidence in violation of G.S. 1A-1, Rule 51 (a) by "instructing the jury to disregard plaintiff's claim based upon the movement in safety statute in that the judge did not recall testimony as to the giving of a signal." The record discloses that the portion of the charge challenged here was given by the court in its instructions on the issue relating to the negligence of defendant. Assuming that the challenged portion was error, we can perceive no prejudice to plaintiff inasmuch as the issue was answered in favor of plaintiff. The assignment of error is overruled.

We have carefully considered the other assignments of error brought forward and argued in plaintiff's brief but finding them without merit they are all overruled.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.