BRANTLEY LINDSAY SNIDER, PLAINTIFF v. DARRELL WAYNE DICKENS, DE-
FENDANT—THIRD PARTY PLAINTIFF v. KENNETH DOUGLAS SNIDER, THIRD-
PARTY DEFENDANT

No. 20

(Filed 11 October 1977)

**Automobiles § 79— intersection accident—right to assume vehicle on servient road
will stop**

In a passenger's action to recover for injuries received in a collision which oc-
curred when defendant drove his car from a servient road into the path of third
party defendant's car on the dominant highway, the trial court erred in failing to
grant a judgment n.o.v. in favor of the third party defendant, since, even if the
third party defendant did have an unobstructed view of the intersection, his
failure to see defendant's vehicle until just before the collision would not be a con-
curring proximate cause of the accident, the third party defendant being entitled
to assume that defendant would yield the right of way to him and allow him to
pass safely.

THIS case is before us on petition for discretionary review of
the decision of the Court of Appeals, 32 N.C. App. 388, 232 S.E. 2d
289 (1977), (Arnold, J., concurred in by Parker and Martin, JJ.), af-
firming the judgment of *Kivett, J.,* DAVIDSON County Superior
Court.

Original plaintiff, Brantley Lindsay Snider, instituted a tort ac-
tion to recover for personal injuries received in an automobile acci-
dent against Darrell Wayne Dickens. Dickens answered and then
filed a third-party complaint against defendant Kenneth Douglas
Snider seeking contribution. This appeal involves only the third-
party claim.

The evidence adduced at trial tended to show that the original
plaintiff was a passenger in a car driven by the third-party defend-
ant Snider, hereinafter defendant, as it traveled northward on
Highway 109 in Davidson County, approaching the Kennedy Road
intersection. At this point, Highway 109 was a five-lane road having
two northbound and two southbound lanes with a turning lane in the
center; Kennedy Road was a two-lane rural paved road with a stop
sign erected at its entrance to Highway 109. The weather was clear
and the pavement dry.

As the defendant approached from the south, the third-party
plaintiff, hereinafter plaintiff, was stopped at a stop sign, west-
bound on Kennedy Road, where he had been waiting for an ap-
preciable time (2-5 minutes) to cross the northbound lanes of
Highway 109. The defendant was traveling in the left northbound

lane at a speed of 35 to 45 miles per hour in a 45 miles per hour zone. Ahead of him, a tractor-trailer truck was making a right turn onto Kennedy Road from the right northbound lane of Highway 109. At this time plaintiff's vision of the left northbound lane of Highway 109 was somewhat obscured by the truck; nonetheless, he began to proceed slowly across the northbound lanes until his passengers cried out for him to stop. He then halted his car at once with the front end protruding into the left northbound lane, where it was immediately struck by defendant's car. Defendant later testified by deposition that the tractor-trailer was as much as twice its length down Kennedy Road when the collision occurred.

The case was submitted to a jury which returned a verdict in favor of the original plaintiff for $10,000 and in favor of the defendant third-party plaintiff against the third-party defendant for $5,000 for contribution. This latter verdict and the judgment entered thereon are the subjects of this appeal.

Further facts necessary to the decision will be related in the opinion.

*Haworth, Riggs, Kuhn, Haworth & Miller by John Haworth for defendant-third party plaintiff.*

*Walser, Brinkley, Walser & McGirt by Charles H. McGirt and G. Thompson Miller for third-party defendant.*

COPELAND, Justice.

The defendant's principal assignment of error is the failure of the trial court to grant a directed verdict or judgment notwithstanding the verdict in his favor. The motion for jugment notwithstanding the verdict under G.S. 1A-1, Rule 50(b) is simply a motion that judgment be entered in accordance with the movant's earlier motion for a directed verdict, notwithstanding the contrary verdict reached by the jury; therefore, we must utilize the same standard of sufficiency of the evidence in reviewing both motions. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). "In passing upon such a motion, the court must consider the evidence in the light most favorable to the non-movant. [citation omitted]. That is, the evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in his favor and he is entitled to the benefit of every inference reasonably to be drawn in his favor." *Summey v. Cauthen*, 283 N.C. 640, 647, 197 S.E. 2d 549, 554 (1973).

Taking the evidence in the light most favorable to the plaintiff, the following facts must be considered as true: The view along Highway 109 south of the intersection was unobstructed. The plaintiff stopped at the stop sign and then proceeded into the intersection a distance of some 20 to 25 feet to the point at which the collision occurred. As he drove into the intersection, the plaintiff's car was traveling so slowing that the speedometer did not register. At this speed he could have stopped almost immediately, and did so before the collision, with the front of his car in the middle of the left northbound lane, some 3 or 4 feet from the center turning lane, which was clear of traffic when the accident occurred. The defendant was traveling between 35 and 45 miles per hour as he entered the intersection on Highway 109, on which the posted speed limit was 45 miles per hour. The northbound tractor-trailer had completed its turn onto Kennedy Road and was as much as twice its own length into Kennedy Road when the defendant reached the intersection. Defendant did not see plaintiff's vehicle until "right before it hit"; thus, he did not blow his horn, apply his brakes or veer from the left northbound lane prior to the collision.

While a driver on a dominant highway has a duty to drive no faster that is safe under the circumstances, to keep his vehicle under control, to maintain a reasonably careful lookout, and to take reasonably prudent steps to avoid a collision whenever necessary, *Blalock v. Hart*, 239 N.C. 475, 80 S.E. 2d 373 (1954), he is entitled to assume, *even to the last moment*, that a driver on a servient highway will comply with the law and stop before entering the dominant highway. *Caughron v. Walker*, 243 N.C. 153, 90 S.E. 2d 305 (1955). "It is even more reasonable for him to assume until the last moment that a motorist on the servient highway who has actually stopped in obedience to the stop sign will yield the right of way to him and will not enter the intersection until he has passed through it." *Raper v. Byrum*, 265 N.C. 269, 275, 144 S.E. 2d 38, 42 (1965).

In the instant case plaintiff, while conceding his original negligence, contends that third party defendant was concurrently negligent in failing to maintain a proper lookout, which rendered him unable to take steps to avoid the accident. As evidence of this plaintiff points to defendant's statement that the tractor-trailer was clear of the intersection at the time he reached it. From this we are asked to conclude that defendant had an unobstructed view of the intersection and therefore should have seen plaintiff easing into it in sufficient time to permit him to avoid the collision.

Yet, even if defendant had seen plaintiff's car as it crept into the intersection, he had a right to assume to the last possible moment, that plaintiff would yield the right of way to him. *Raper v. Byrum, supra.* The reasonableness of this assumption would be reinforced by the relative snail's pace of plaintiff's vehicle as he traversed the intersection, since this would seem to indicate that he was on the lookout for oncoming cars and would halt immediately to let them pass. This conclusion is further supported by plaintiff's statement that he was struck almost instantaneously after he stopped, from which we can deduce that defendant was almost upon the plaintiff when the latter entered the left lane and there would have been no time to avoid the collision. Thus, even if we accept plaintiff's assertion that defendant had an unobstructed view of the intersection, on these facts defendant's failure to see plaintiff's vehicle until just before the collision would not be a concurring proximate cause of the accident. Defendant was entitled to assume that plaintiff would yield the right of way to him and allow defendant to pass safely. For this reason, defendant's motion for judgment notwithstanding the verdict on the third party claim should have been granted. Our decision on this issue renders it unnecessary for us to consider defendant's other assignments of error as to the trial court's charge to the jury and its failure to grant new trial.

For the foregoing reasons, the decision of the Court of Appeals is reversed.