WINSTON-SALEM JOINT VENTURE v. CITY OF WINSTON-SALEM AND FORSYTH COUNTY

No. 8321SC83

(Filed 20 December 1983)

**1. Rules of Civil Procedure § 26— denial of motion to enlarge discovery period**

The trial court did not abuse its discretion in the denial of defendants' motion to enlarge the discovery period where defendants failed to show good

Winston-Salem Joint Venture v. City of Winston-Salem

cause for their delay in commencing discovery. Rule 8 of the General Rules of Practice for the Superior and District Courts.

**2. Evidence § 28.2— property tax listings—failure to authenticate**

The trial court did not err in the exclusion of personal property tax listings offered by defendants where defendants failed to authenticate such exhibits.

**3. Witnesses § 8.3— scope of cross-examination**

In an action to recover a penalty imposed for plaintiff's late listing of its real property for tax purposes, the trial court did not err in permitting plaintiff to cross-examine the county tax supervisor about events which occurred between the supervisor and another witness at earlier stages of the proceeding, about complaints the supervisor had received from other citizens concerning late listing penalties on their tax bills, and about directives the supervisor had received concerning a review of defendants' tax listing procedures.

**4. Trial § 40.1— form of issue—waiver of objection**

Plaintiff waived its right to object to the form of the issue submitted to the jury by failing to object thereto at the trial. Moreover, the issue submitted to the jury was sufficient where it settled all material controversies which arose out of the pleadings when considered in light of the court's instructions to the jury. G.S. 1A-1, Rule 49(c).

**5. Trial § 50.1— newspaper article about jury—denial of motion for new trial**

The trial court properly denied defendants' motion for a new trial based on a newspaper article purporting to show that the jury misunderstood or misapplied the law in the case.

APPEAL by defendants from *Rousseau, Judge.* Judgment entered 1 September 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 December 1983.

This is a civil action wherein the plaintiff seeks to recover a late listing penalty that was levied because of plaintiff's alleged failure to list its real property for tax purposes. Summary judgment was granted for defendants. This Court reversed that judgment by a decision reported in 54 N.C. App. 202, 282 S.E. 2d 509 (1981). The case was tried before Judge Rousseau and a jury on 24 August 1982. A verdict was returned in plaintiff's favor, and judgment was entered on the verdict. Defendants filed a motion for a new trial. The motion was denied. Defendants appealed.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by G. Gray Wilson and Michael L. Robinson, for the plaintiff, appellee.*

*P. Eugene Price, Jr., and Jonathan V. Maxwell, for the defendants, appellants.*

HEDRICK, Judge.

[1]   Defendants first contend that the court erred "in denying defendants' motion to enlarge the discovery period and in ruling that plaintiff's motion for protective order was moot, thereby depriving defendants of any opportunity for discovery in this case." This action was filed on 26 February 1980 and defendants' answer, the last required pleading, was filed on 1 May 1980. On 30 June 1980 defendants filed a motion for summary judgment. On 17 November 1980 summary judgment was entered for the defendants. This Court in an opinion filed 6 October 1981 reversed the judgment and remanded the cause for trial. Defendants' petition for discretionary review was denied by the Supreme Court of North Carolina on 12 January 1982. On 23 March 1982, defendants served interrogatories on the plaintiff. On 21 April 1982, plaintiff sought a protective order. On 28 April 1982 defendants filed a response to the motion for a protective order and a motion to enlarge the time for discovery. On 13 May 1982 Judge Albright entered an order denying the motion to enlarge the discovery period. This order rendered plaintiff's motion moot.

Rule 8 of the General Rules of Practice for the Superior and District Courts states:

> All desired discovery shall be completed within 120 days of the date of the last required pleading. For good cause shown, a judge having jurisdiction may enlarge the period of discovery.
>
> Counsel are required to begin promptly such discovery proceedings as should be utilized in each case, and are authorized to begin even before the pleadings are completed. Counsel are not permitted to wait until the pre-trial conference is imminent to initiate discovery.

The 120 day period for the completion of discovery expired on 29 August 1980. This was almost three months prior to the order granting summary judgment for the defendants and more than eighteen months prior to defendants' attempt to initiate discovery. The court may for good cause shown enlarge the discovery period. The decision as to whether to enlarge this period is clearly within the sound discretion of the judge, and his decision will not be disturbed absent a showing of an abuse of

discretion. Defendants have failed to show good cause for their delay in commencing discovery. They have failed to carry their burden of showing that the court below abused its discretion. Absent this showing their assignment of error must be overruled. Even if the court erred in denying the defendants' motion, we are unable to find any prejudice that resulted from its decision. The assignment of error is, therefore, overruled.

[2] Defendants next contend that the court erred by refusing to admit two defense exhibits into evidence for impeachment purposes. Plaintiff offered evidence from Mr. Gudin who was responsible for listing the real property in question during the 1978 tax year. Mr. Gudin testified that he completed the tax form, that the form was placed in a pre-addressed envelope provided by the defendants, and that the envelope was placed in his company's outgoing mail. In an earlier affidavit, filed in opposition to defendants' motion for summary judgment, Gudin stated that "in my 12 years with this company, Jacob, Visconsi and Jacob has handled hundreds of listings and have never missed a filing or payment date." Defendants on cross-examination questioned Gudin concerning the affidavit. Gudin acknowledged that he made the statements in the affidavits and testified that to his knowledge the statements were correct. Defendants then showed Gudin late personal property tax listings from 1976 and 1978. Gudin disavowed any knowledge of these listings and stated that he did not know whether Jacob, Visconsi and Jacob listed them and that he did not know what the listing deadlines were for personal property. Defendants then attempted to introduce the listing forms into evidence as defendants' exhibits 1 and 2. The court refused to admit the exhibits. Defendants argue that they were entitled to have the jury consider those exhibits as they relate to the credibility of Gudin.

Assuming *arguendo* that defendants were entitled to use the exhibits to attack the credibility of Gudin, they must be authenticated by extrinsic evidence in order to be admissible into evidence. A public document may be authenticated by direct evidence of its execution, by an adverse party's admission of genuineness, by proof of its qualification as a business record, by proof of handwriting or typewriting, by proper certification, by official publication or by other circumstantial evidence. 2 Brandis on North Carolina Evidence, Sec. 195 (2d Rev. Ed. 1982). A review

of the record reveals that defendants failed to authenticate their exhibits by any of these methods. The assignment of error is overruled.

[3]   Defendants by their next assignment of error contend the court erred by allowing plaintiff to cross-examine Mr. Pardue, the tax supervisor, about events which occurred between Mr. Gudin and the witness at earlier stages of the proceeding, about complaints the witness had received from other citizens regarding late listing penalties on their tax bills, and about directives the witness had received from the County Commission regarding a review of the defendants' tax listing procedures. In North Carolina the scope of cross-examination is quite broad.

> [C]ross-examination may ordinarily be made to serve three purposes: (1) to elicit further details of the story related on direct, in the hope of presenting a complete picture less unfavorable to the cross-examiner's case; (2) to bring out new and different facts relevant to the whole case; and (3) to impeach the witness, or cast doubt upon his credibility.

1 Brandis on North Carolina Evidence, Sec. 35, at 145 (2d Rev. Ed. 1982). The questions objected to by defendants clearly fall within the realm of proper cross-examination. This assignment of error is without merit.

[4]   Defendants next contend that the court erred by submitting the following issue to the jury: "Did plaintiff timely list its real property with defendants in 1978?" Defendants had originally requested that two issues be submitted to the jury. These issues were: "Did plaintiff deposit a real property tax listing in the United States mail in time to be received by the defendants on or before March 2, 1978?" and "If the listing was timely deposited in the United States mail by the plaintiff, did defendants in fact receive plaintiff's real property listing on or before March 2, 1978?" The following exchange occurred at the charge conference:

> COURT: What do you say the issues are, gentlemen?
>
> MR. WILSON: The one I tendered your Honor and I believe Mr. Maxwell's already tendered two to the Court. They're all before the Court.
>
> COURT: Do you want to be heard on it?

MR. MAXWELL: Your Honor, I think the two that we tendered, the jury has to decide whether there was, in fact, a mailing in time and if they believe that, that raises a prima facie case that can be rebutted if they believe our evidence that it was not received. So the issues are was it mailed timely and was it, in fact, received.

MR. WILSON: Your Honor, I think we're talking about two sides of the same coin. I think it would be appropriate for the Court to instruct under the issue I tendered all of the elements the jury has to find in order to find there was a timely listing, that is, whether or not it was put in the mail in time and also, if there was enough time, assuming that evidence was true for it to be received.

COURT: They would have to find timely deposit in the United States mail and if it was, then they would have to consider whether it was received—

MR. WILSON: That's correct too.

COURT: —on or about March 2nd. All right, do you have any request for instructions?

MR. MAXWELL: I just tendered some on the issue of receipt your Honor, it could be adapted to one issue. I agree with Mr. Wilson.

From this exchange it appears that defendants agreed to the issue submitted. Defendants now argue that although they agreed that only one issue need be submitted, they did not agree to the submission of this particular issue. If this is correct, the record fails to show a timely objection to the issue submitted.

"[I]t is within the sound discretion of the trial judge as to what issues shall be submitted to the jury and the form thereof." *Oil Co. v. Fair*, 3 N.C. App. 175, 178-79, 164 S.E. 2d 482, 485 (1968). The judge must submit all issues which are necessary to settle the material controversies arising out of the pleadings. *Id.* at 179, 164 S.E. 2d at 485. Rule 49(c) of the North Carolina Rules of Civil Procedure provides that:

If, in submitting the issues to the jury, the judge omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so

omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the judge may make a finding; or, if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered.

It appears from the record that defendants failed to properly object to the issue submitted; even if defendants were found to have properly objected to the forming of the issue, their assignment of error is without merit. The issue presented to the jury, when considered in light of the court's instructions to the jury, settles all the material controversies which arise out of the pleadings. The assignment of error is overruled.

Defendants' next five assignments of error relate to the court's instructions to the jury. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides:

No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. . . .

The record reflects that the defendants failed to properly object to the court's charge. Nevertheless, we have examined the court's instructions and find them fair, complete and free from prejudicial error.

[5] Finally defendants contend that the court erred by denying their motion for a new trial. The granting or denial of a motion for a new trial is within the discretion of the trial judge and is not subject to reversal absent an abuse of discretion. *Coletrane v. Lamb,* 42 N.C. App. 654, 257 S.E. 2d 445 (1979). Defendants base their motion in part on a newspaper article which purports to show that the jury misunderstood or misapplied the law in this case. "It is firmly established in this State that jurors will not be allowed to attack or overthrow their verdicts, nor will evidence from them be received for such purpose." *In re Will of Hall,* 252 N.C. 70, 87-88, 113 S.E. 2d 1, 13 (1960) (quoting *Lumber Co. v. Lumber Co.,* 187 N.C. 417, 418, 121 S.E. 755, 755 (1924)). We find

no evidence that the court abused its discretion in denying the motion for a new trial. Therefore, the assignment of error is overruled.

No error.

Judges BRASWELL and EAGLES concur.