TRACY H. GRAHAM v. MID-STATE OIL COMPANY AND SUN OIL COMPANY

No. 855SC814

(Filed 18 March 1986)

**Unfair Competition § 1; Judgments § 4— unfair and deceptive trade practice— claim determined by partial summary judgment—avoidance of inconsistent judgments**

> Plaintiff could not prevail on his claim for an unfair and deceptive trade practice where he abandoned his exception to the trial court's entry of partial summary judgment for defendant on plaintiff's claim of conversion and for defendant on its counterclaim for an amount due on an open account; this par-

Graham v. Mid-State Oil Co.

tial summary judgment necessarily determined facts which would defeat plaintiff's unfair and deceptive trade practices claim; and to allow plaintiff to prevail on this claim would result in inconsistent judgments.

APPEAL by plaintiff from *Stevens, Henry L., III, Judge.* Order entered 3 May 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 6 December 1985.

This appeal involves only the parties Tracy H. Graham and Mid-State Oil Company. On 21 April 1983, plaintiff instituted this action seeking recovery for conversion of funds in the first cause of action of his complaint and treble damages for an unfair and deceptive trade practice in his second cause of action. Defendant Mid-State Oil Company answered and counterclaimed, alleging plaintiff owed defendant $19,006.64 plus interest based upon the theory of an open account, or in the alternative, an account stated.

On 18 May 1984, defendant Mid-State Oil Company moved for summary judgment, supported by affidavits, deposition, transcript, and accompanying exhibits. Plaintiff filed two affidavits in opposition to defendant's motion. On 6 June 1984, Judge James D. Llewellyn denied summary judgment as to plaintiff's unfair trade practice claim with exception as to plaintiff's claim regarding the funds in the collateral deposit account, but granted summary judgment in favor of defendant as to both plaintiff's conversion claim and defendant's counterclaim. The court also removed defendant Sun Oil Company as a party and dismissed all claims against Sun Oil Company with prejudice. On 15 April 1985, the matter was called for a pre-trial conference regarding the unresolved claim before Judge Henry L. Stevens, III. In the pre-trial conference it was first posited that Judge Llewellyn's order implicitly disposed of the unfair and deceptive trade practice claim. On 3 May 1985, Judge Stevens entered judgment wherein he concluded "As A Matter of Law that the prior Order entered by Judge Llewellyn on June 6, 1984 legally precludes plaintiff from litigating its Second Claim for Relief alleging unfair and deceptive acts or practices . . . under the principles of estoppel by judgment, *res judicata* and the principle that one Superior Court Judge cannot overrule another Superior Court Judge." Judge Stevens dismissed plaintiff's unfair and deceptive trade practice claim with prejudice. Plaintiff appeals.

The facts pertinent to this appeal are as follows: Plaintiff operated a Travelers service station in Wilmington, North Carolina, from 1973 through 16 June 1982. Mid-State Oil Company and its predecessors in interest [defendant] owned the Travelers station during the time at issue and continue to be the owners. Plaintiff purchased petroleum products from defendant for use in its operation of the business on an open account basis. Plaintiff and defendant entered into a collateral deposit agreement whereby plaintiff deposited an amount equal to a certain percent of the petroleum products he purchased as security for the open account. The collateral deposit account was governed by written instrument. It is not the subject of this appeal. Rather, the question on appeal focuses on certain voluntary payments made by plaintiff to defendant from time to time in addition to payments toward the amount owed for purchases. It is undisputed that these payments, denominated "savings" on plaintiff's remittances to defendant, were for the purpose of having available funds for payment of future expenses associated with the operation of the business, such as plaintiff's income tax, employee withholding and personal property taxes. No written instrument documented this "savings" account. It was the practice between the parties that when plaintiff signed a written request to defendant to issue a check to him, defendant would do so. The additional payments and withdrawals therefrom were credited and debited to plaintiff's general ledger for the open account. Each month plaintiff was sent a copy of the ledger account entries regarding the general open account. These ledger card statements reflected both payments on the open account and the additional payments, indicated by the letter "S" next to the entry, as well as each withdrawal made by plaintiff. Each month plaintiff was separately provided with a copy of his collateral deposit account ledger card.

At a final pre-trial conference, plaintiff stipulated to the correctness of a reconciliation of the general open account presented by defendant, which showed that during the period from 1 January 1976 through 31 December 1982, plaintiff paid $38,027.94 to his general open account as additional payments on account, that he withdrew $17,460.00 during the same period, leaving a balance of additional payments, as of 31 December 1982, of $20,567.94. Plaintiff also stipulated that the balance of his collateral deposit account as of 24 September 1982 was $6,143.40.

Plaintiff does not dispute that as of 31 December 1982, after plaintiff had ceased to operate the Travelers service station, plaintiff owed defendant $39,574.58 on the general open account for purchases of petroleum products. By applying the funds made as additional payments, $20,567.94, and the funds in the separate collateral deposit account, $6,143.40, defendant arrived at the balance still owing of $19,006.64, the amount defendant prayed for in its counterclaim. Plaintiff disputes defendant's right to "withhold or otherwise appropriate" the funds he paid as "savings" toward the total balance due.

*Yow, Yow, Culbreth & Fox, by Stephen E. Culbreth and Ralph S. Pennington, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by F. Joseph Treachy, Jr., and Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for defendant appellee.*

JOHNSON, Judge.

Plaintiff first contends that it was error for Judge Stevens to dismiss plaintiff's second cause of action based on Judge Stevens' conclusion that Judge Llewellyn's order implicitly precluded plaintiff from litigating the cause of action regarding an allegedly unfair trade practice. We affirm Judge Stevens' order to dismiss, but we arrive at this result on appeal for reasons other than those stated in Judge Stevens' order.

A review of the record discloses that although plaintiff assigned error to the entry of partial summary judgment by Judge Llewellyn, plaintiff failed to present and discuss this assignment of error in his brief. Hence, this exception is deemed abandoned and Judge Llewellyn's ruling that summary judgment for defendant on plaintiff's first cause of action, conversion, and summary judgment for defendant on its counterclaim are conclusive on appeal. Rule 28(a), N.C. Rules App. P. Regarding plaintiff's conversion claim, plaintiff alleged in the complaint that "defendant did wrongfully assume and exercise the right of ownership over these two accounts which were the property of the plaintiff and has refused to return said property to the plaintiff and has wrongfully deprived the plaintiff owner of his right to the property." In defendant's counterclaim defendant alleged that $19,006.64 "was due and owing to defendant after defendant had applied *all*

*credits lawfully due and owing to plaintiff* and all payments made by plaintiff." (Emphasis added.) In granting partial summary judgment Judge Llewellyn made a judicial determination that no material issue of fact existed as to either of these two claims. Rule 56, N.C. Rules Civ. P. Accepting as given that (1) summary judgment for defendant on plaintiff's first cause of action and summary judgment for defendant on defendant's counterclaim are conclusive and (2) there is no factual dispute regarding the above allegations, we hold that it necessarily follows that plaintiff cannot prevail as a matter of law on his second cause of action. The following facts, which are conclusive on this appeal, necessarily arise from the entry of summary judgment on plaintiff's first cause of action and defendant's counterclaim: (1) defendant did not wrongfully assume and exercise the right of ownership of plaintiff's "savings"; (2) defendant did not wrongfully deprive plaintiff of his right to the "savings"; and (3) defendant applied all credits lawfully due and owing plaintiff and all payments made by plaintiff. Therefore, defendant's withholding and appropriation of the "savings" cannot be a wrongful act upon which to base an unfair trade practice claim as alleged by plaintiff. To hold otherwise would result in an inconsistent judgment. Inconsistent judgments are erroneous. 8 Strong's N.C. Index 3d *Judgment* sec. 4 (1977). Plaintiff's second cause of action should have been dismissed.

Because the issue raised by plaintiff in his first Assignment of Error is dispositive of the case, we need not address plaintiff's second and only other Assignment of Error.

Dismissal by Judge Stevens of the second cause of action of plaintiff's complaint is

Affirmed.

Judges WHICHARD and PHILLIPS concur.