GEORGE BARNETT AND WIFE, JEANE B. BARNETT v. SECURITY INSUR-
ANCE COMPANY OF HARTFORD, JOHN HOWE INSURANCE AGENCY,
INC. AND JOHN HOWE, INDIVIDUALLY

No. 8627SC685

(Filed 17 February 1987)

1. Insurance § 2.2 — failure of agent to renew policy

The trial court erred in entering judgment n.o.v. for defendant insurance
agents where the evidence was sufficient for the jury to find that defendants
had the duty to renew plaintiffs' insurance policy on a metal building; they
negligently failed to do so; and as a proximate result of such negligence, plain-
tiffs were damaged in the amount of $30,000.

2. Rules of Civil Procedure § 59; Trial § 53 — new trial for errors committed by
court — errors not specified — no objection to error — new trial improper

The trial court erred in granting defendants' conditional motion for a new
trial where the trial court's ground for allowing the motion for a new trial was
"for errors committed by the court during the course of the trial," but the trial
judge did not specify the errors and defendants did not object to the error
which was assigned as the basis for the new trial, as required by N.C.G.S.
§ 1A-1, Rule 59(a)(8).

3. Rules of Civil Procedure § 49 — failure to object to issue — no right to appeal on
ground that issue was erroneous

Pursuant to N.C.G.S. § 1A-1, Rule 49(c), defendants waived their right to
appeal on the ground that an issue submitted to the jury was erroneous where
they failed to object at the time it was submitted.

Chief Judge HEDRICK concurring in part and dissenting in part.

APPEAL by plaintiffs from *Burroughs, Judge.* Order entered
12 March 1986 in Superior Court, GASTON County. Heard in the
Court of Appeals 10 December 1986.

*Whitesides, Robinson, Blue and Wilson, by Henry M. White-
sides and David W. Smith, III, for plaintiff-appellants.*

*Robert H. Forbes for defendant-appellees.*

GREENE, Judge.

In this civil action, plaintiffs seek to recover damages
allegedly resulting from defendant John Howe's failure to renew
their fire insurance policy.

Defendant John Howe is the principal owner and employee of the defendant John Howe Insurance Agency which was an agent of defendant Security Insurance Company of Hartford (Security Insurance). In their complaint, plaintiffs alleged a building they owned was damaged by fire after their fire insurance policy with Security Insurance expired. The John Howe Insurance Agency was the agent for that policy.

The following issues were submitted to and answered by the jury as indicated:

> 1. Did the plaintiffs suffer loss as a result of John Howe Insurance Agency, Inc.'s failure to procure insurance for the plaintiffs, Mr. and Mrs. Barnett?
>
> ANSWER: Yes.
>
> 2. What amount, if any, are the plaintiffs, Mr. and Mrs. Barnett, entitled to recover for damages to real property?
>
> ANSWER: $30,000.00

On 12 March 1986, the court entered judgment on the jury's verdict. In open court, defendant John Howe Insurance moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. That same day, the court entered judgment for defendant notwithstanding the verdict. On 21 March 1986, the trial court entered an order conditionally allowing defendant's motion for a new trial and ordered if the judgment notwithstanding the verdict was "vacated or reversed" on appeal, defendant should have a new trial "for errors committed by the Court during the course of the trial." Plaintiffs appeal.

The issues for this Court's determination are: (1) whether the trial court erred in entering judgment notwithstanding the verdict pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 50(b); and (2) whether the trial court erred in granting the defendant's conditional motion for a new trial.

I

[1] Plaintiffs argue that the evidence was sufficient for the jury to find that defendants negligently failed to renew the insurance on the building. Therefore, the trial court erred in entering judgment notwithstanding the verdict for defendants. We agree.

An insurance agent has a fiduciary duty to keep the insured correctly informed about his insurance coverage. *R-Anell Homes, Inc. v. Alexander & Alexander, Inc.*, 62 N.C. App. 653, 659, 303 S.E. 2d 573, 577 (1983). The agent "is not obligated to assume the duty of procuring a policy of insurance for a customer. . . ." *Alford v. Tudor Hall and Assoc. Inc.*, 75 N.C. App. 279, 282, 330 S.E. 2d 830, 832, *disc. review denied*, 315 N.C. 182, 337 S.E. 2d 855 (1985). However, an agent who, "with a view to compensation for his services, undertakes to procure insurance [for a customer and] fails to do so, will be held liable for any damage resulting therefrom." *Id.* (Citations omitted.)

In determining whether an agent has undertaken to procure insurance, a court must consider the conduct of and the communications between the parties and, more specifically, "the extent to which they indicate that the agent has acknowledged an obligation to secure a policy." *Id.* Where " 'an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under circumstances which lull the insured into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty which he has thus assumed.' " *Id.* (Citation omitted.) Additionally, if in their prior dealings, the agent has customarily taken care of the customer's insurance needs without consulting the insured, then a legal duty to procure additional insurance may arise without express orders from the customers and acceptance by the agent. *Id.*

A motion for judgment notwithstanding the verdict is simply a motion that judgment be entered in accordance with the movants' earlier motion for directed verdict. Therefore, the same standard of sufficiency of the evidence applies in reviewing rulings on these motions. *Snider v. Dickens*, 293 N.C. 356, 357, 237 S.E. 2d 832, 833 (1977). In our review of the court's judgment notwithstanding the verdict, we must consider the evidence in the light most favorable to the non-movant. *Id.*

When considered in the light most favorable to plaintiffs, the evidence in the present case tends to show the following:

In 1982, plaintiffs built a metal building joining Highway 321 in Gastonia, North Carolina. They purchased an insurance policy on the building in the amount of $30,000 from John Howe In-

surance, through its agent, John Howe. The policy came into effect on 1 April 1982, and they paid the initial premium of $227.00 when billed.

Plaintiffs had purchased all of their insurance from defendants, including policies on their home, automobiles, a boat and a trailer. Over a period of three and one half years, plaintiffs maintained an "open account" with defendants. Under this arrangement, John Howe would bill plaintiffs quarterly for their premiums on their various insurance policies and plaintiffs would pay all or a portion of the amount when billed. The parties never agreed that plaintiffs had to pay the full amount when billed. When a policy expired, John Howe automatically issued another policy.

In December 1984, plaintiffs received notices that their policies on their home, automobiles and boat would be cancelled. When plaintiff George Barnett asked John Howe about these cancellation notices, he was told "not to worry about anything, that the insurance company was behind in issuing out the policies." Plaintiffs never received written or oral notice of cancellation of the policy on the metal building adjoining Highway 321. The building was damaged by fire on 14 February 1986. When George Barnett reported the fire to John Howe, he was told the policy on the building had been cancelled prior to the fire. The cost to repair the building amounted to $36,621.00.

We hold that this evidence was sufficient for the jury to find that defendants had the duty to renew plaintiffs' insurance policy on the metal building, that they negligently failed to do so and that as a proximate result of such negligence, plaintiffs were damaged in the amount of $30,000. Therefore, the trial court erred in entering judgment for defendants notwithstanding the verdict.

II

Plaintiffs next contend the trial court erred in granting defendants' conditional motion for a new trial. We agree.

A

[2]   N.C. Gen. Stat. Sec. 1A-1, Rule 50(c)(1) requires the trial court to specify the grounds for granting or denying a motion for a new

trial. In the present case, the trial court's ground for allowing the motion for a new trial was "for errors committed by the Court during the course of the trial." The order does not specify the errors, and thus, the trial court failed to fulfill the requirements of the rule.

N.C. Gen. Stat. Sec. 1A-1, Rule 59(a) sets forth the various grounds for a new trial. Rule 59(a)(8) permits a new trial for "errors in law occurring at the trial and objected to by the party making the motion." The trial court's ground for the new trial —"for errors committed by the Court"—is an order under Rule 59(a)(8).

Both a motion and an order for new trial filed under Rule 59(a)(8) have two basic requirements. First, the errors to which the trial judge refers must be specifically stated. *Bryant v. Nationwide Ins. Co.*, 313 N.C. 362, 382, 329 S.E. 2d 333, 344 (1985). Second, the moving party must have objected to the error which is assigned as the basis for the new trial. N.C. Gen. Stat. 1A-1, Rule 59(a)(8).

Here, the trial court did not specify the errors. Without specificity, this Court "would be forced to embark on a voyage of discovery through an unchartered record to find the errors of law referred to in the order." *In re Will of Herring*, 19 N.C. App. 357, 360, 198 S.E. 2d 737, 740 (1973).

In this case, it can be argued, as the dissent does, that the wording of the first issue was inadequate and it is the error referred to by the trial court in its order for new trial. However, a review of the record shows that defendants did not object to the submission of the first issue to the jury. We hold that Rule 59(a)(8) precludes this Court from considering any error in the first issue.

When the trial court fails to comply with Rule 59 and Rule 50 in ordering a new trial, the general course is to reverse and remand for reinstatement of the verdict. *Herring* at 360, 198 S.E. 2d at 740.

B

[3]  We also find grounds to reverse the order for a new trial in N.C. Gen. Stat. Sec. 1A-1, Rule 49(c). It provides as follows:

(c) Waiver of Jury Trial on Issue. If, in submitting the issues to the jury, the judge omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issues so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the judge may make a finding; or, if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered.

We have previously discussed the effect of Rule 49(c) in cases, similar to the case at hand, where the issue was whether the court had properly formed the issues submitted to the jury.

In *Brant v. Compton*, 16 N.C. App. 184, 191 S.E. 2d 383, *cert. denied*, 282 N.C. 672, 196 S.E. 2d 809 (1972), the trial court submitted the following issue to the jury on contributory negligence: "If [the defendant was negligent], did the plaintiff contribute to such damage as alleged in the answer?" The jury answered the issue yes. Judgment was entered for the defendant. The plaintiff argued on appeal that the trial court erred since the issue included no reference to negligence. This Court held: " 'If the parties consent to the issues submitted, or do not object at the time or ask for different or additional issues, the objection cannot be made later.' " *Id.* at 185, 191 S.E. 2d at 384 (quoting *Baker v. Malan Construction Corp.*, 255 N.C. 302, 307, 121 S.E. 2d 731, 735 (1961) ).

In *Winston-Salem Joint Venture v. City of Winston-Salem*, 65 N.C. App. 532, 310 S.E. 2d 58 (1983), this Court, while stating that the trial judge must submit issues that are necessary to settle the material controversies arising out of the pleadings, said:

It appears from the record that defendants failed to properly object to the issues submitted; even if defendants were found to have properly objected to the forming of the issue, their assignment of error is without merit. The issue presented to the jury, when considered in light of the court's instructions to the jury, settles all the material controversies which arise out of the pleadings.

*Id.* at 538, 310 S.E. 2d at 62.

Barnett v. Security Ins. Co. of Hartford

By application of Rule 49(c), since the defendants here failed to object to the first issue submitted to the jury, they waived their right to appeal on the ground that it was erroneous.

## C

Additionally, in determining whether the court submitted the issues necessary to determine the material controversies of the suit, the court's instructions and the issues submitted should be construed together. *See Winston-Salem Joint Venture* at 537-38, 310 S.E. 2d at 62. The court here properly instructed the jury upon the law of negligence. We hold that construed together, the instructions and the issues submitted, when answered, settled the material controversies of the suit.

## III

The judgment for the defendants notwithstanding the verdict and the entry of the order for a new trial are reversed, and the cause is remanded for entry of judgment in accordance with the jury verdict.

Reversed and remanded.

Judge JOHNSON concurs.

Chief Judge HEDRICK concurs in part and dissents in part.

Chief Judge HEDRICK concurring in part and dissenting in part.

I concur with that portion of the majority opinion that reverses the judgment notwithstanding the verdict for defendant. I dissent, however, from that portion of the decision that remands the cause to the superior court for entry of judgment on the verdict.

Without citing any authority, the majority assumes that this motion for a new trial under G.S. 1A-1, Rule 50(c) is the same as a motion for a new trial pursuant to G.S. 1A-1, Rule 59(a)(8). I am not convinced that this is a valid assumption. In my opinion, the majority is being too technical in order to require the trial court to enter a judgment for plaintiff on the verdict.

An error of law appears on the face of the record in this case. The first issue submitted to the jury, "Did the plaintiffs suffer loss as a result of John Howe Insurance Agency Inc.'s failure to procure insurance for the plaintiffs, Mr. and Mrs. Barnett:," permitted the jury to find that defendant was liable in damages without determining whether plaintiffs' damage was proximately caused by any negligence on the part of defendant. Although the court instructed the jury as to negligence, the answer to the issue did not resolve the question as to any negligence on the part of defendant.

As was done in *In re Will of Herring*, 19 N.C. App. 357, 198 S.E. 2d 737 (1973) and *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 329 S.E. 2d 333 (1985), I would vote to order a new trial in this case to prevent a manifest injustice, and to obviate the necessity of another appeal from the judgment which the majority now orders entered on the verdict. I vote to reverse judgment for defendant notwithstanding the verdict and to remand for a new trial on all issues.