GLORIA JEAN STREETER, Plaintiff v. AUGUSTA COTTON, Defendant

No. COA97-1302

(Filed 20 April 1999)

**Trials— motion for JNOV—motion for new trial—granting both inconsistent**

An order in a negligence action was remanded where the court granted both plaintiff's motion for JNOV, thereby determining defendant negligent as a matter of law, and plaintiff's motion for a new trial as to the issue of negligence, thus reinstating that issue for the jury.

Appeal by defendant from judgment entered 4 June 1997 by Judge Elaine M. O'Neal in Durham County District Court. Heard in the Court of Appeals 18 August 1998.

*Teague, Rotenstreich and Stanaland, by Ian J. Drake and Kenneth B. Rotenstreich, for defendant-appellant.*

*Roberti, Wittenberg, Holtkamp and Lauffer, PA, by R. David Wicker, Jr., for plaintiff-appellee.*

JOHN, Judge.

In this motor vehicle negligence action, defendant Augusta Cotton appeals the trial court's grant of judgment notwithstanding the verdict (JNOV) and new trial in favor of plaintiff Gloria Jean Streeter. Specifically, defendant argues the evidence presented by both parties regarding his alleged negligence was sufficient to submit the case to the jury, and that the new trial award was contrary to law and constituted an abuse of discretion. For the reasons set forth herein, we vacate the judgment of the trial court and remand with instructions.

At trial, plaintiff's evidence tended to show the following: On 20 June 1995 in Durham, North Carolina, plaintiff stopped her vehicle in the left lane of Fayetteville Street in order to negotiate a left turn onto Cook Road. As traffic was heavy, she was unable to turn during two full cycles of the traffic light governing the intersection. After plaintiff had been waiting for at least two minutes, her automobile was struck from behind by defendant's vehicle. Plaintiff did not see defendant prior to the collision as her attention was focused upon oncoming traffic.

Plaintiff did not seek medical treatment immediately after the accident, but was treated later for injuries to her neck and back. Plaintiff missed three days of work and incurred approximately $1,300.00 in property damage to her vehicle.

Defendant testified he was traveling in the left lane of Fayetteville Street behind several other automobiles. These automobiles suddenly swerved into the right lane, whereupon defendant was confronted with plaintiff's vehicle stopped at the intersection. Being too close to stop without colliding with plaintiff's automobile, defendant "slid onto her car and touched it." Defendant did not see brake lights or blinker lights engaged on plaintiff's vehicle.

On 28 March 1996, plaintiff filed suit alleging the collision between

plaintiff's automobile and the defendant's automobile was a direct and proximate result of the negligent acts and omissions of the defendant.

Plaintiff sought, *inter alia*, to "have and recover of the defendant, damages in an amount not in excess of Ten Thousand Dollars ($10,000)." Defendant thereafter counterclaimed alleging contributory negligence on the part of plaintiff.

Defendant moved for directed verdict at the close of plaintiff's evidence and at the conclusion of all evidence. Plaintiff likewise moved for directed verdict on the issues of negligence and contributory negligence. The trial court granted directed verdict in favor of plaintiff on the issue of contributory negligence, but denied all other motions. The jury returned a verdict in favor of defendant, determining plaintiff had not been injured by the negligence of defendant.

On 20 December 1996, plaintiff moved for JNOV pursuant to N.C.G.S. § 1A-1, Rule 50 (1990) (Rule 50), and for new trial pursuant to N.C.G.S. § 1A-1, Rule 59 (1990) (Rule 59). The court allowed both motions 29 May 1997, declaring "good cause exists for allowing the motions of the [p]laintiff" and that "the issues of negligence of the defendant and damages, if any, sustained by plaintiff [be placed] on this Court's next jury calendar." Defendant filed timely appeal to this Court 27 June 1997.

Defendant argues the trial court erred in granting plaintiff's motions for JNOV and new trial. Because the court's allowance of

both motions was legally inconsistent, however, we vacate the order and remand for further proceedings without reaching the merits of defendant's assignments of error.

A JNOV motion pursuant to Rule 50 seeks entry of judgment in accordance with the movant's earlier motion for directed verdict, notwithstanding the contrary verdict actually returned by the jury. *See* G.S. § 1A-1, Rule 50(b); *Northern Nat'l Life Ins. v. Miller Machine*, 311 N.C. 62, 69, 316 S.E.2d 256, 261 (1984). A ruling on such motion is a question of law, *see Penley v. Penley*, 314 N.C. 1, 9 n.1, 332 S.E.2d 51, 56 n.1 (1985), and presents the same issue for appellate review as a motion for directed verdict, *see Mobley v. Hill*, 80 N.C. App. 79, 83, 341 S.E.2d 46, 49 (1986), *i.e.*, whether the evidence, taken as true and considered in the light most favorable to non-movant, is sufficient to take the case to the jury and to support a verdict for the non-movant. *See Henderson v. Traditional Log Homes, Inc.*, 70 N.C. App. 303, 306, 319 S.E.2d 290, 292, *disc. review denied*, 312 N.C. 622, 323 S.E.2d 923 (1984). "It is proper to direct a verdict for a moving party with the burden of proof only if the credibility of the movant's evidence is manifest as a matter of law." *Miller Machine*, 311 N.C. at 69, 316 S.E.2d at 261.

Concomitant with a JNOV motion, a party may move for new trial as provided in Rule 50 and Rule 59. *See, e.g.*, G.S. § 1A-1, Rule 50(b)(1) ("motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative"); *see also* G.S. § 1A-1, Rule 59; *Barnett v. Security Ins. Co. of Hartford*, 84 N.C. App. 376, 380, 352 S.E.2d 855, 858 (1987) (new trial motion joined with motion for JNOV is equivalent to motion for new trial motion under Rule 59(a)(8)). A motion for new trial is addressed to the discretion of the trial court, *see Anderson v. Smith*, 29 N.C. App. 72, 78, 223 S.E.2d 402, 406 (1976), and is "strictly limited to whether the record affirmatively shows a manifest abuse of discretion by the trial judge." *Thomas v. Dixson*, 88 N.C. App. 337, 342, 363 S.E.2d 209, 212 (1988).

In the case *sub judice*, plaintiff's JNOV motion alleged the verdict of the jury was "contrary to the evidence." She consequently requested that the court "set aside the verdict . . . and enter judgment on behalf of the [p]laintiff in accordance with the [p]laintiff's motion for directed verdict," wherein she asserted defendant was negligent as a matter of law. Plaintiff also moved for new trial on the basis that "the verdict of the jury was contrary to the evidence and the instructions of law given by the [trial c]ourt."

STREETER v. COTTON

[133 N.C. App. 80 (1999)]

In addressing plaintiff's motions, the trial court stated "good cause exists for allowing the *motions* of the [p]laintiff" (emphasis added) and that "the issues of negligence of the defendant and damages, if any, sustained by plaintiff [are to be placed] on this Court's next jury calendar." The trial court thus granted both plaintiff's motion for JNOV, thereby determining defendant negligent as a matter of law, *and* plaintiff's motion for new trial "as to the issue[] of negligence of the [d]efendant . . . ," thus reinstating that issue for the jury. Accordingly, the trial court's order is legally inconsistent and erroneous in that the question of defendant's negligence may not be determined by the court as a matter of law and thereafter submitted to the jury for determination. *See Graham v. Mid-State Oil Co.*, 79 N.C. App. 716, 720, 340 S.E.2d 521, 524 (1986) ("[i]nconsistent judgments are erroneous"); *see also State v. Sams*, 317 N.C. 230, 235, 345 S.E.2d 179, 183 (1986) ("[a]n irregular order, one issued contrary to the method of practice and procedure established by law, is voidable").

As we cannot ascertain the trial court's disposition of plaintiff's motions from its order, that order must be vacated and this matter remanded for rehearing of plaintiff's motions for JNOV and new trial. *See Barnett*, 84 N.C. App. at 380, 352 S.E.2d at 858 ("[w]hen the trial court fails to comply with Rule 59 and Rule 50 in ordering a new trial, the general course is to reverse and remand for reinstatement of the verdict"); *cf. Edwards v. Edwards*, 110 N.C. App. 1, 15, 428 S.E.2d 834, 841, *cert. denied*, 335 N.C. 172, 436 S.E.2d 374 (1993) (unclear order of the trial court remanded with instructions).

On remand, the trial court may either: 1) grant plaintiff's JNOV motion, set the issue of damages for trial, and conditionally grant or deny plaintiff's motion for new trial in the event that the trial court's JNOV judgment is thereafter vacated or reversed on appeal, *see* G.S. § 1A-1, 50(c)(1) ("[i]f the motion for judgment notwithstanding the verdict, provided for in section (b) of this rule, is granted, the court shall also rule on the motion for new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial"), *or* 2) deny plaintiff's motion for JNOV, and grant or deny plaintiff's motion for new trial.

Vacated and remanded with instructions.

Judges GREENE and TIMMONS-GOODSON concur.